CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
There seems to be no substantial difficulty in the way of the corporate authorities of the town of Catlettsburg entering upon and appropriating any portion of the grounds necessary for the construction of the works intended to protect that portion of Front Street about to be carried away by the encroachments of the waters of the Big Sandy and OhiQs rivers.
Section 27 of the charter of said town provides that “the board of trustees shall have power to provide for the improvement of the public streets and alleys of said town, to close any they deem useless, the enlargement, extension, and improvement of public landings, and public drainage of said town,” etc.
Although the power to improve and repair public streets is in its nature legislative, yet it is conferred on the municipal authorities for the benefit of the public; and whenever Ihe necessity for its exercise is so apparent an,d obvious as to justify the inference that the refusal of the legislative body to act is the result of a determination not to discharge a plain duty, rather than of mistaken judgment as to the existence of the necessity, then the exercise of the power may be coerced through appropriate proceedings in the courts. (City of Henderson v. Sandefur & Co., 11 Bush, 550; 3 Hill, 612; and 5 Selden, 9 New York, 163.)
This doctrine was upheld and acted on by this court in the case of Hammar, &c. v. City of Covington (3 Met. 494), in a *336 case almost identical in its facts with this. Here Front Street has been improved. A number of valuable business-houses have been erected fronting upon it, and it has been one of the principal streets of the town. The action of the water is gradually wearing away the outer edge of the street, and the wagon-way is reduced, in some instances, to about eight feet. The usefulness of this avenue of commerce is greatly impaired, and unless steps are taken to arrest the progress of the work of destruction, the entire street and also the buildings of the appellees will eventually fall into the river.
It is reasonably certain that the expenditure of a sum which the town can lawfully raise by taxation, will restore the street to its original width of thirty feet, and protect it against the destructive action of the water in the future.
Under this, state of facts, the duty of the trustees to repair the street must be deemed ministerial rather than legislative, and they may be compelled to discharge it by mandamus, upon the prayer of the property-holders directly and specially interested therein. (3 Met. 494; 10 Casey, 296.)
"Wherefore, the judgment of the court below must be affirmed.