DENVER, U. & P. R'Y CO. V. BARSALOUX ET AL.

1. CLAIMS OF ABUTTING LOT-OWNERS AGAINST RAILROAD COMPANIES
   FOR USE OF STREET — CLAIMANTS MUST RESORT TO LEGAL, NOT
   EQUITABLE ACTIONS.— Abutting lot-owners, having no title to the
   fee of a street, have no other right to recover damages from a rail-
   road company for the use of the street by the construction of its road
   therein, and the running of its trains over the same (no part of the
   property of complainants being touched by the railroad so con-
   structed), than what accrued to them by the increased burden put
   upon the street and the injury done to their particular estates.
   Against wrongs of this character only equity does not relieve, but
   the party must resort to an action at law, where his damages may be
   estimated.
2. LONG-CONTINUED SILENCE BY ABUTTING LOT-OWNERS PRECLUDES
   EQUITABLE RELIEF.— In such a case, where a railroad company con-
   structed a narrow-gauge road through the street of a city, and oper-
   ated the same through a long series of years without protest or
   objection from the adjoining lot-owners, the implied assent to such
   use presumed from their silence precludes them from seeking any
   equitable relief against the continued operation of the road as origi-
   nally constructed.
3. INJUNCTIVE RELIEF DENIED UPON CHANGING FROM NARROW GAUGE
   TO BROAD GAUGE.— Nor are such lot-owners entitled to injunctive
   relief for the damages occasioned by the laying of a third rail on the
   road-bed as originally constructed,.and the operation of broad-gauge
   cars thereon, no change being made in the width of the road-bed or
   length of the ties used for the purpose.
4. A DECREE WHICH INTERFERES WITH PROPERTY RIGHTS NOT IN
   LITIGATION INVALID.— A decree which does not undertake to adju-
   dicate the rights of the parties to the use of the street in question,
   but assumes to prohibit the railroad company from continuing to
   broaden their gauge beyond the point reached when the injunction
   suit was commenced, which was beyond the complainant's property,
   cannot be permitted to stand in any event.

*Appeal from District Court of Arapahoe County.*

A BILL was filed in this case by Barsaloux, Brahoney and
Reese, by which they sought to restrain the Denver, Utah
& Pacific Railroad Company from laying a third rail on a
street over which they were, and for several years had been,
operating a narrow-gauge road, until compensation should

be made for the resulting damages, or the company proceed to condemn under the statute.

It appeared that in 1878 one Joseph L. Collins filed in the recorder's office of Arapahoe county a plat of an addition to the city of Denver. The addition contained some thirty-three lots, and through it, according to the plat, ran a street which was named Argo street. This street seemed to be only a division or boundary between the two blocks of lots, for there was no outlet at either end, and it abutted as to its termini upon other properties belonging to other people. Later, Collins conveyed three of the lots to Louis Mabe, who transferred them in August, 1881, to Annie Barsaloux, the wife of David Barsaloux, one of the plaintiffs. These transfers were put in evidence, and whatever of right or title, as to the street, would pass to adjoining lot-owners by virtue of a conveyance from Collins, passed to Mrs. Barsaloux; the other two plaintiffs, Brahoney and Reese, offered no evidence of title save a deed from Brill to Reese in December, 1881, and a deed from Ryan to Brahoney in March, 1881. Where their grantors got title does not appear; but the matter of title was not the subject of inquiry in the court below, nor is error assigned for failure of proof upon that matter. It is sufficiently manifest, however, that all these parties were in possession of the respective lots, as they were claimed some time in the year 1881. In the fall of that year the railroad company constructed a narrow-gauge track over its own property which was immediately south of the Collins addition, and thence northward along and throughout the entire length of Argo street. The plaintiffs were in possession of the property described in their bill at the time that the road was constructed. It is probable, however, that the construction of the houses thereon, and the actual occupancy, commenced about the time the railroad was built.

The company's depot lay to the south and west of the plaintiff's property; but, by an ordinance of the common council of the city of Denver, the corporation was author-

ized to construct and lay its tracks along and across the various alleys and streets lying between the depot and their property which joined the Collins addition on the south. From the time that the railroad company prepared its grade and laid its track along Argo street, in the fall of 1881, it continued its use and operation as a narrow-gauge road down to the time of the injury complained of. In the spring and summer of 1887, the company proceeded to lay, on the ties already in the street, a third rail to accommodate the transfer of broad-gauge cars to their yard and depot from their connections with the broad-gauge road north of the addition; the laying of the third rail having been finished, at the time of the filing of the bill, to a point beyond the immediate frontage of the plaintiff's property. It appeared that from time to time afterwards they put in new ties, fixed the grade and otherwise strengthened the work already done, but that the new ties were all of the same length as the old ones, and apparently occupied no more of the street. The evidence tended to show that the burden of the easement was unchanged by the alteration of the gauge of the road. No evidence of special damage or of any damage at all, except that which might inferentially result from the broadening of the gauge of the road, was offered by the plaintiffs. No sort of objection was ever made by the plaintiffs to the use of the street by the railroad company until they commenced to widen their tracks.

The answers of the company setting up their various defenses were interposed in apt season, and a preliminary injunction was issued restraining the corporation from further proceeding with the laying of the third rail; and, on the final hearing, after making the proofs which show the foregoing facts, the court entered the following decree:

" And now on this day, this cause again coming on for final decision on the pleadings, evidence and arguments of counsel heretofore submitted to the court, and the court, now being sufficiently advised in the premises, does find the equity of said cause with the plaintiffs; whereupon it is

ordered, adjudged and decreed by the court that the preliminary injunction heretofore, and on, to wit, the 13th day of October, A. D. 1887, issued in said cause be, and the same is hereby, made perpetual so far as the same restrained the construction of a third rail beyond the point at which the same is now constructed, and that plaintiffs do have and recover from the defendant their cost herein expended to be taxed, and that they have execution and fee-bill therefor, to which the defendant at the same time excepts."

Messrs. WOLCOTT & VAILE, for appellant.

Messrs. BROWNE & PUTNAM, for appellees.

BISSELL, C. A great many questions are raised and discussed by counsel; but as the case has been practically settled by a decision rendered in this court subsequent to the hearing and judgment in the court below, most of them will be left undetermined.

The very full statement of facts which precedes this opinion will show the applicability of that decision to this controversy, and serve to eliminate from the discussion most of the other questions which would naturally be suggested.

There is no dispute concerning the extent and character of the antecedent occupation of the street by the railroad company. The road was built and put into practical operation in the fall of 1881, and since that time, down to the laying of the third rail, which is the injury complained of, the street had been occupied by the company, and the road constantly used by them in the operation and maintenance of their system. To this operation and use the plaintiffs offered no objection. During this entire period, as they allege, they were the owners, and in the occupancy, of the lots which they claimed were injured by the laying of the third rail. This rail was to be laid on the old road-bed and ties, and was, if anything, an added burden laid upon the street. At no point in its course did the road cross the

property of the complainants and touch the lots of which they possessed the fee. The case, then, is clearly within the principles laid down in the case of *Railroad Co. v. Domke*, 11 Colo. 247.

It was not open to the complainants to interfere with the operation of the road already constructed. The absence of protest or objection, and the implied assent to that use, properly presumed from their silence, effectually precluded the plaintiffs from seeking any equitable relief against the continued operation of the road as originally constructed. They are equally without right to injunctive relief for the damages resulting from the laying of the third rail, and the extended use of the road-bed for that purpose. The plaintiffs were, if anything, simply abutting lot-owners, with no title to the fee of the street, and therefore without other right to recover than what accrued from the damages which they might sustain by the increased burden put upon the street, and the injury done to their particular estates. But against these wrongs equity does not relieve in this state, unless some special circumstances, bringing the case within some other branch of equitable jurisdiction, be averred. The party injured is not without remedy, but his recovery may only be had in a court of law, where the damages may be estimated.

Were the foregoing reasons insufficient to warrant a reversal, the decree could not be permitted to stand. It did not undertake to adjudicate the rights of the parties as to the use of Argo street where it abutted upon the plaintiffs' property, but conceded the use proved to be consistent with the rights of the owners. By its terms it inhibited the company from continuing the broadening of their gauge beyond the point which it had reached at the time of the institution of the suit. This point was beyond the limits of the complainants' property. About the user and extension of the road in that manner no one under the proofs in this suit had a right to complain. It was not competent for the court to adjudicate as to a matter which was not

properly involved in the issues, and which was not embraced by the proofs made.

The case should be reversed and remanded, with instructions to the court below to dismiss the bill at the plaintiffs' cost.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is reversed and the cause remanded, with directions to dismiss the suit.

*Reversed.*