## HASKELL v. THE DENVER TRAMWAY COMPANY ET AL.

1. STREETS.

The fee in the streets and alleys of the city of Denver is in the municipality in trust for the use of the public.

2. SAME—INJUNCTIVE RELIEF.

When a railway company is acting under sufficient legislative or municipal authority, an injunction does not lie at the suit of an abutting owner to restrain the construction of a street railway through a street merely because damages for impairing his right of ingress and egress have not been compensated in advance.

3. SAME—NUISANCE.

When duly licensed by the municipal authorities, the operation of a street railway in the streets of a city or town or upon private property therein is not, *per se*, a nuisance.

4. SAME—PLEADING.

In all cases to restrain a threatened nuisance, the complaint must, *inter alia*, clearly show that the thing complained of will, not that it possibly may, constitute a nuisance. The mere allegation that a private nuisance will ensue is not sufficient.

*Error to the District Court of Arapahoe County.*

Mr. J. P. BROCKWAY and Mr. H. E. LUTHE, for plaintiff in error.

Mr. A. M. STEVENSON, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff brought this suit to restrain the defendant companies from building and operating that portion of their line of street railway hereinafter particularly described. Upon the filing of the original complaint, a temporary restraining order was issued, without notice to the defendants, according to the prayer of the complaint. To the complaint an answer was filed, and upon the hearing of an application therefor, based upon these pleadings, an order was made dissolving the preliminary writ.

An amended complaint was thereupon filed, the sole object of which apparently was to secure the same kind of relief asked in the original complaint.  To this amended complaint the defendants filed a general demurrer, which was sustained by the trial court, and the action was thereupon dismissed. It is to this ruling that the plaintiff prosecutes his writ of error here.   The pleadings disclose the following facts : The defendants are corporations organized under the general laws to build and operate street railroads in Arapahoe county, and own, and, under an ordinance of the city of Denver granting such franchise, operate in the city an extensive system of street railways composed of a number of distinct lines, cable power and electricity being the motive powers, all of which center at, and the cars running over these various lines depart from, and return to, a so-called central station, over and by means of a " loop," the course and location of which are described in the pleadings.

Arapahoe and Lawrence streets are parallel public streets in the city of Denver, running easterly and westerly, and are intersected at right angles by 14th and 15th streets, running northerly and southerly.   Bounded by these four streets is block No. 74, in East Denver.   The plaintiff owns lot 10 in said block, upon which there is a building used as a hotel. This lot, twenty-five feet in width, fronts on Lawrence street, and extends back 125 feet to the alley running through the center of block 74 from 14th to 15th streets.

The defendants bought lot 9 in this block, which immediately adjoins plaintiff's lot, and they also bought a similarly situated lot in the same block facing upon Arapahoe street and extending back therefrom to the said alley,.   Defendants, under permission granted by said ordinance of the city, proposed to build, maintain and operate their double line of track of street railway passing through the said block, and over and across said lot 9 and said similarly situated lot in the same block facing upon Arapahoe street, so as to form a loop consisting of a continuous line of railway extending from a point in the center of 15th street where the same is inter-

sected by Arapahoe street, passing therefrom down 15th street to Lawrence street, thence through Lawrence street to a point opposite and fronting said lot 9; thence across the sidewalk and over said lot 9 and the similarly situated lot immediately to the rear thereof, and passing into Arapahoe street, and thence along the middle of Arapahoe street to the place of beginning.

This loop was constructed so as to provide a convenient way or track upon which all the cars of the defendants' different lines were to be made to pass in going from and returning to the central station of the system, and this loop seems to be well adapted for that purpose.

The plaintiff's theory is that the maintaining and operating of this loop was and is an unlawful interference with, or an obstruction of, his right of ingress and egress to and from his premises by the way of said alley, street and sidewalk; and that he is entitled to an injunction to restrain defendants from operating such portion of their system.

The objection is to that portion of defendant's loop which extends from the middle of Lawrence street across the sidewalk and over these two lots and the alley between them. The defendants are the owners of lot 9 and the similarly situated lot facing Arapahoe street in the same block. The fee in this street and alley is not in the plaintiff. It is in the municipality in trust for the use of the public. For the purposes of their loop the defendants do not threaten, or propose, to take the fee therein, or the fee of any property belonging to the plaintiff, or the right of way over any of the plaintiff's premises. The only property right which he himself claims will be impaired is the easement or right of ingress and egress to and from his premises, which necessarily will be obstructed by the construction and operation of defendants' loop.

In this state the rule is settled that in these circumstances injunctive relief will not be given, because damages furnish a complete remedy; and that the abutting owner for such injuries cannot enjoin the construction and operation of a

railroad merely because damages are not compensated in advance, if the railway company be acting under sufficient legislative or municipal authority.   *D. & S. F. R. R. Co. v. Domke*, 11 Colo. 247.

The reasons for this rule are clearly set forth in this leading case, and we do not deem it necessary to repeat the argument.   The doctrine of that case has been followed by this court in the cases of *D., U. & P. Ry. Co. v. Barsaloux*, 15 Colo. 290, and *D., U. & P. Ry. Co. v. Toohey*, 15 Colo. 297.

There is a suggestion that the ordinance of the city purporting to license the acts of the defendants complained of is invalid, and that under their certificates of incorporation the defendants have not the authority to build this loop. This suggestion appears as a statement of a legal conclusion which the plaintiff draws from a construction of the ordinance and the certificates of incorporation of the defendant companies, which, however, are not set out in the pleadings so as to enable us to determine the correctness of this conclusion.   In the absence, therefore, of any showing to the contrary, we must assume the validity of this ordinance, and the possession by the companies of the necessary power to build this loop.   The foregoing is the law, even upon the supposition that the plaintiff is entitled to some damages for the injuries alleged to have been caused by the defendants, but our decision is based solely upon the absence of the right in the plaintiff to enjoin the operation of this road.   If it be assumed that plaintiff's property has been damaged by the defendants (as to which we express no opinion), he has mistaken his remedy.   The trial court dismissed his complaint on the ground that for injuries (if any) sustained by the plaintiff, he had an adequate and complete remedy by way of compensation in damages recoverable in a single action.

Under the authorities already cited, this ruling was right. Plaintiff, however, declined to avail himself of the kind of relief to which the court held he was entitled, but elected to test his right to injunctive relief by a review of the final judgment dismissing his complaint.   He cannot, therefore,

and in fact does not, complain that the trial court should have ascertained the amount of damages instead of dismissing the action.

The judgment of the district court should be affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM.   Plaintiff in error has filed a petition for a rehearing, in which no authorities are cited, and no reasons advanced that were not presented or considered at the former hearing.   He now concedes that the case of *D. & S. F. Co. v. Domke*, 11 Colo. 247, is authority for our decision in this case, but insists that the question involved here is not necessary to the decision there; but that if it was, then the case announced bad law, although sustained by the Illinois authorities, and should be overruled.

We have reëxamined the *Domke Case*, and are satisfied with its doctrine, and that the questions decided were properly before the court for determination.   It has been followed in the two cases cited in the opinion from the 15th Colorado Reports, and we again affirm it.

Complaint is also made that, in its opinion, the court ignored the point made by the plaintiff that the operation of defendants' road on their own lot adjoining that of the plaintiff would constitute a private nuisance which should be enjoined.   In their original brief apparently so little reliance was had by counsel upon this branch of the case that, acting upon this assumption, it was deemed unnecessary to notice it in the opinion, although we did not overlook it.   We are not now impressed with its merit.   In this state, when duly licensed by the municipal authorities, the operation of a street railway in the streets of a town, or a populous city, or of a steam railroad upon private property therein, is not, *per se*, a nuisance.   It is unquestionably within the jurisdiction of courts of equity to prevent a nuisance, but the courts are inclined to limit its exercise to cases of nuisance *per se*. Where the erection or operation of a certain thing may, or

may not, become a nuisance, according to circumstances; or where it is impossible to tell until the thing threatened is erected or brought into being, and put into operation, whether or not it will be a nuisance; or where the benefit therefrom to the public outweighs the inconvenience or damage to the plaintiff, or where the latter has a complete remedy at law by way of damages, ordinarily equity declines to interfere by injunction to restrain its construction or operation; and in all cases where application is made to restrain a threatened nuisance, the allegations of the complaint must clearly show that the thing complained of will, not that it possibly may, constitute a nuisance, and the mere allegation of the pleader that a private nuisance will ensue, is not sufficient. See, generally, upon this question, 1 High on Injunctions (2d ed.), chap. 13, secs. 742, 745; Wood on Nuisances (3d ed.), secs. 745 (p. 991), 786, 789, 796, 797, *et seq.*

It would manifestly be improper, therefore, to restrain the construction of defendants' railroad upon their own property, or to enjoin the operation of the road, when constructed, upon the showing made in the pleadings, as it is not made to appear that it will constitute a nuisance to plaintiff's property, or that he has no adequate remedy at law for any damages he may sustain.

The rehearing is denied.

*Rehearing denied.*