[No. 3882.]

THE PEOPLE EX REL. DYETT v. McMURRAY ET AL.

CITIES AND TOWNS—DISCRETIONARY POWERS OF CITY COUNCIL—MANDAMUS.

Where a city council has power to permit the laying of railway tracks in the streets of the city and to regulate the use thereof, and to compel the removal of such tracks so as to avoid unnecessary interference with the use of the streets by the public or the owners of abutting property, the power involves the exercise of discretion and judgment and is not subject to the control of the courts by *mandamus. Mandamus* will not lie at the suit of the abutting lot owners to compel the city council to remove railway tracks from the street, notwithstanding the occupation of the street by the railway company is without authority of law and is an obstruction which the city council has power to remove.

*Appeal from the District Court of Arapahoe County.*

On February 3, 1898, relator filed her petition in the dis-

trict court of Arapahoe county for a writ of *mandamus*, to compel the mayor and city council to take such action as might be necessary to accomplish the removal of a certain railroad track constructed in and along Wewatta street, in the city of Denver; and to compel the board of public works and commissioner of highways to co-operate with them in such action as they might take for that purpose. The relator is, and for two years prior to the filing of her petition has been, the owner of the northwesterly half of lot 7, block 36, West Denver, which abuts on the southeasterly line of Wewatta street for a distance of 132.5 feet. The material facts as set forth in the petition are in brief as follows: On August 15, 1881, the city council of Denver passed an ordinance granting a right of way to the Denver & New Orleans Railway Company to construct, maintain and operate a single or double track railroad, with the necessary depots, shops, etc., along and across certain streets, among others, " from its track in Third and Wewatta street on and along said Wewatta street to the west bank of Cherry Creek; provided that no more than one third of the street should be occupied at any one point; " that they might allow other railroad companies to run upon its tracks, upon such terms as were agreed upon between the companies. In pursuance of the authority so conferred, the Denver & New Orleans Railway Company constructed two tracks in Wewatta street, in front of the premises now owned by plaintiff; and in doing so, occupied fully one third of the street. Afterwards, in 1887, The Denver, Texas & Gulf Railway Company succeeded to the rights of the Denver & New Orleans Railway Company, and entered into a contract with the Denver & Santa Fé Railway Company, a leased line of the Atchison, Topeka & Santa Fé Railway Company, by virtue of which the last named company has claimed and assumed the right to use, maintain and operate for general railroad purposes its railroad, and to run its locomotives and cars along said street, between the points aforesaid, and over said track so placed thereon by said Denver & New Orleans Railway Company.

In the fall of 1887 the Denver & Santa Fé Railway Company, without authority or license from the city, and without the leave or consent of any of the owners of property abutting on that portion of Wewatta street, constructed thereon, between Fifth and Eleventh streets, about nineteen and a half feet (from center to center of tracks) southeasterly from and parallel to the southeasterly of said two tracks placed there by said Denver & New Orleans Railway Company, and at a distance from 29.55 feet near Seventh street, to a distance of 27.85 feet opposite petitioner's lot, from the northwesterly lot lines between said points, to the center of said track, a standard gauge railway track, which the Denver & Santa Fé Railway Company, and by its authority, the Atchison, Topeka & Santa Fé Railway Company, has ever since possessed and occupied, in constant use for general railroad purposes, running its locomotives, cars and trains over the same, and using it as its "main track," thereby so obstructing the said street as to render the track and the use thereof a public and private nuisance; that the city authorities, although petitioned so to do by relator, not only refused to abate the same, but were about to adopt an ordinance which had been agreed upon between them and the railway company, by which the latter is to surrender its "Denver Circle," franchise and convey certain lands to the city, in consideration that the city is to recognize and confirm the right of the company to maintain and operate the track complained of, into the union depot. Incidental to the ultimate relief asked, relator seeks to enjoin the city authorities from adopting such ordinance. From the judgment of the court below dismissing the action, relator prosecutes this appeal.

Mr. CHARLES H. DYETT, Mr. GEORGE L. HODGES and Mr. THOMAS H. HARDCASTLE, for appellant.

Mr. J. M. ELLIS and Mr. CHAS. E. GAST, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

The controlling question presented is, whether or not *mandamus* is the appropriate remedy, or can be invoked to obtain the relief sought. Counsel for appellant strenuously insist that it is, since the city council, by clause 37, section 20 of the city charter, Sess. Laws, 1893, is clothed with the power to provide for the removal of all obstructions from, and to prevent all encroachments upon, the streets within the city; that the power being granted for the public benefit, is not discretionary, and its exercise becomes a duty which the city is bound to perform. In support of their position they rely upon *Borough of Uniontown v. Commonwealth ex rel. Veech*, 34 Pa. St. 293, *Trustees, etc., v. Kinner*, 13 Bush, 334, *People ex rel. Burke v. Mayor, etc.*, 63 Ill. 207, *Village of Glencoe v. People*, 78 Ill. 383, and *Brokaw v. Comrs. of Highways*, 130 Ill. 482.

From an examination of these cases, it will be seen that the duty there enforced was that of repairing the streets, or of removing a character of obstructions that the city council, under no circumstances, could authorize or permit. In these respects, the facts in those cases were essentially different from those in the case at bar. By clause 44 of the section of the charter above referred to, the city council is authorized " to permit and regulate the running of railway cars propelled by steam, cable, electricity or other motive power, the laying down of tracks for the same; * * * and to compel them to remove their tracks so as to avoid unnecessary interference with the use of the streets by the public or by the owners of the abutting property."

This court in several cases has recognized and affirmed such right. *City of Denver v. Bayer*, 7 Colo. 113; *Denver Circle Ry. Co. v. Nestor*, 10 Colo. 403; *Denver & S. F. Ry. Co. v. Domke*, 11 Colo. 247; *Denver & U. P. Ry. Co. v. Barsaloux*, 15 Colo. 290.

It is therefore clearly within the province of the city council, in the exercise of such power, to determine whether a railway track which has been laid in a street without authority, shall be permitted to remain; or, the necessary steps to

be taken to remove it.    Their action in this respect must nec-
essarily be governed by the circumstances of the particular
case, and involves the exercise of discretion and judgment,
and is therefore not subject to the control of the courts by
*mandamus.*

Counsel, however, contend that even conceding that the
city council has the power, under the charter, to give license
by ordinance for the locating of the track in question where
it is in Wewatta street, that not having granted such license,
the occupation is therefore " without authority of law," and
is an " obstruction " which it has been the duty of the city
authorities for the past ten years to abate ; and that the
*status* of the obstruction must be considered with respect to
the time when the performance of the duty of the city offi-
cials to remove and abate the same was invoked on behalf of
the public ; and that duty must be performed in respect to
that *status*, whatever the city authorities might see fit to do
within the scope of any lawful powers vested in them there-
after.

To this we cannot agree.    At the time this remedy was
invoked the authorities had taken steps to confer upon the
railway company the right to use and operate the track as
located, and were about to adopt an ordinance for that pur-
pose.    It would therefore be an idle ceremony for the court
to adopt the suggestion of counsel and compel them to re-
move the track, even if it had the power so to do, when they
might immediately, in the exercise of their conceded author-
ity, permit the company to replace it.    We are, therefore,
clearly of the opinion that in the circumstances of this case,
the relator is not entitled to the remedy asked, and that the
court below properly dismissed the action.    Its judgment is
accordingly affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM.    In support of the petition for rehearing, it
is urged that the particular facts in the petition for *mandamus*

upon which petitioner relies for relief, namely, that the track in question destroys all access to the property abutting on Wewatta street, has been overlooked. We fully understood and considered the averments of the petition in this respect. As stated in the opinion, the controlling question is, whether or not *mandamus* is the appropriate remedy, or can be invoked to obtain the relief sought. The contention of counsel for appellant is, that the city authorities may be compelled by *mandamus* proceedings to remove obstructions which virtually close the street as a public thoroughfare. In an appropriate action against the proper parties, the question of the power of the municipal authorities to permit the obstruction complained of, could undoubtedly be determined, but it cannot in this proceeding. The city has the authority to permit a street to be occupied by railroad tracks. This involves the exercise of discretion and judgment on the part of its proper officials. It is authorized to compel the removal of tracks which unneccesarily interfere with the use of a street by the public, or by the owners of abutting property. The degree of obstruction, however, caused by such occupation does not change the rule, that the exercise of discretion on the part of municipal officials cannot be interfered with by *mandamus*. Otherwise, in every case where a track was laid upon a street, the question whether or not it resulted in unnecessary interference with its use would become the subject of inquiry through *mandamus*. This would result in transferring the government of municipalities to the judiciary, when, under the law, it is vested in the municipal officials.

*Petition for rehearing denied.*