[No. 5082.]

## THE CITY OF COLORADO SPRINGS v. THE COLORADO AND SOUTHERN RAILWAY COMPANY.

1. **Railroads—Cities and Towns—Use of Streets—Ordinances—Mandatory Injunctions.**

A railway company had constructed and maintained for the greater part of eighteen years two main tracks and three sidings and turnouts, for a distance of three blocks, and two main tracks and four sidings and turnouts for a distance of two blocks, on a street one hundred feet wide and intersected by four streets and two alleys, and had kept all the crossings planked in good condition, so that the same could be used by the public. The ordinance, under which the company claimed the right to maintain such tracks, authorized the assignor railroad company to construct and operate a railroad with a single or double track and all necessary turnouts and switches; to extend its branch line, spurs or siding upon or over any property the company may own or afterwards acquire to depot grounds, warehouses, sidings, or for any other business purposes; to connect track and sidings upon said property by switches and turnouts from the line of track; to allow other companies or persons controlling other railroads to run upon its track on such terms as may be agreed upon; and, later in the same year, by ordinance, an additional length of single or double track with like turnouts and switches was allowed. Held, in an action to compel the removal of such tracks, that the same were rightfully there and did not constitute an unreasonable use of the street as a thoroughfare; that a mandatory injunction will not be granted at the instance of the city for the purpose of removing such tracks, especially as such construction of the ordinance has been acquiesced in for about eighteen years, and that the ordinance clearly recognizes the assignability of the rights created by it.—P. 112.

2. **Practice in Civil Actions—Pleading—Issues—Proof.**

In an action to compel a railway company to remove its tracks from a certain street, alleged to have been placed there by virtue of a certain ordinance, a contention upon the part of the city that the company did not procure the statutory consent of the property holders for the passage of such ordinances, and that the rights of the company thereunder had been forfeited through the failure to give a bond and locate and maintain a depot as required by such ordinance, cannot be considered where not presented by the pleadings.—P. 113.

**3. Judgments—Broader than the Issues—Modified on Appeal.**

Where, in an action by a city to compel a railway company to remove its tracks from a certain street, the only issue for the trial court to decide was whether the tracks were properly there at the time of bringing the action, a further finding that the defendant company is confirmed and secured in the use and possession of such street in the manner and form prescribed in the ordinance is objectionable, and, upon appeal, it will be ordered eliminated.—P. 114.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by The City of Colorado Springs against The Colorado & Southern Railway Company. From a judgment for defendant, plaintiff appeals.

*Modified.*

Mr. J. W. SHEAFOR and Mr. W. C. ROBINSON, for appellant.

Messrs. DINES, WHITTED & DINES, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

Action to compel the removal of defendant's tracks from Saguache street, City of Colorado Springs. Trial to the court; findings and judgment for defendant. Plaintiff appeals.

The complaint charged that defendant, ''without right or authority,'' was maintaining numerous parallel tracks along a section of said street, and thereby depriving the public of its use; a judgment ordering their removal was prayed. The answer justified under an ordinance. The replication admitted the passage of the ordinance, but denied that it authorized the presence of the tracks. *Inter alia*, it alleged:

''The granting of the franchise, rights and privileges contained in said ordinance by the City of Colorado Springs to the Denver and New Orleans

Railroad Company, its successors and assigns, did not authorize said railroad, its successors or assigns, or any one else to so fill the said street with tracks as to render the street utterly unavailable to the public for public use other than the transportation of steam engines and railroad cars; and was by no means a license for the said railroad company, its successors and assigns, to so fill the said street with its tracks as to render it impracticable for the use of the traveling public.''

The issue thus presented was the right of defendant, under the ordinance, to maintain the tracks. The action is not directed at any particular track, siding or switch, but to obtain a mandatory injunction requiring the tearing up and removal of the entire system of tracks maintained by defendant in the street at the time of the institution of this action.

The main contention of plaintiff—appellant—is, that defendant, by the maintenance of its numerous tracks, is destroying the use of the street as a thoroughfare.

The facts are practically undisputed. In May, 1882, an ordinance was passed which authorized a predecessor in title of defendant, The Denver and New Orleans Railroad Company, ''to locate, construct, maintain and operate a railroad with a single or double track,'' ''and all necessary turnouts and switches'' along said street, ''to extend its branch line, spurs or sidings upon or over any property the company may own or hereafter acquire to depot grounds, warehouses, sidings, or for any other business purposes, or to connect track and sidings upon said property by switches and turnouts from the line of track'' through said street; ''to locate and use all depots, warehouses, machine shops, yards and other building structures and appliances necessary

and proper for the operation of the said railroad and the transfer of freight and passengers thereon," and to allow "other companies or persons controlling other railroads to run upon its tracks on such terms as may be agreed on."

By an ordinance passed later in the same year, the further right was given "to locate, construct, maintain and operate an additional length of track, with single or double track, and all necessary turn-outs and switches on and along certain streets in the city, to a point in Saguache street; and otherwise to extend the same above described line, its spurs or sidings, upon or over any property the company may now own or hereafter acquire, to the depot grounds, warehouses, sidings, or for other business purposes, or to connect tracks or sidings upon said property by switches and turnouts from said line of track upon said avenue upon the road above described."

Under the ordinances, two main tracks and certain switches and turnouts were constructed along Saguache street for the distance of four blocks. The complaint, however, is particularly made as to the number of tracks located in the street for the distance of three blocks. The frontage on the section of street involved is given over almost entirely to lumber yards, coal yards, feed yards, warehouses, a light plant, and like industries.

When this action was brought, January 17, 1900, the trackage of defendant consisted of the two main tracks and their sidings and turnouts for the distance of three blocks, and for the distance of two blocks of the two main tracks and four sidings and turnouts, a total of five tracks in the one instance, and six in the other.

Saguache street was one hundred feet wide, and the part of it here involved was intersected by four streets, three of the width of one hundred feet

each, and one of the width of one hundred and forty feet; also by three alleys, each of the width of twenty feet. The crossings of the tracks at the intersections of such streets and alleys with Saguache street were planked, in good condition, and constituted no obstruction to the use of the street; travel, including wagons, could use the street lengthwise by going between some of the tracks, also by the use of other portions of the street, particularly on the easterly side of Saguache street. There was some difficulty, by reason of the tracks not being planked, in passing from one side of the street to the other at points other than the intersections of the streets and alleys. This impairment, however, of the use of the street could have been removed, if the convenience and extent of travel justified it, by the council requiring the tracks to be planked. This our statutes authorized, as did explicitly section 4 of the ordinance under which defendant exercised its franchise to occupy the street.—Subdivisions 18, 20, 21, par. 7, § 4403, 2 Mills' Ann. Stats.

Where there is so simple a remedy for such condition, a court would not be justified in resorting to the extreme remedy of ordering the defendant to tear up its system of tracks.

"We agree with counsel for appellee that a distinction must be taken between the structure itself and the use to which it has been put. The unlawful use may be prevented without destroying the structure which has been lawfully erected. The power in the city to abate nuisances is not denied, but it does not follow that the city may, as the easiest way to abate the nuisance, destroy valuable private property susceptible of use for a lawful purpose."—*Chicago v. Union Stock Yards Co.*, 164 Ill. 224, 226; 7 Am. & Eng. Railroad Cases (N. S.) 490, 500.

The evidence justifies what, in effect, was the finding of the court; that is, that the maintenance of defendant's tracks did not destroy the public easement in the street.

· To sum up this branch of the case, the city ·had ·authority to grant to defendant's predecessor the use here shown to have been made of the street in question.—Subdivisions 18, 20, 21, par. 7, § 4403, vol. 2, Mills' Ann. Stats; § 505, vol. 1, Mills' Ann. Stats; *City of Denver v. Bayer,* 7 Colo. 113, 126; *Railway Company v. Domke,* 7 Colo. 247; *Railway Company v. Barsaloux,* 15 Colo. 290.

Such use was within the contemplation of the ordinances mentioned, was reasonable and necessary, and did not destroy the street as a thoroughfare. If the quantity and convenience of travel on the street should justify such action, the city council can require of defendant the planking of the tracks, and thus remove inconvenience in passing over them.

The construction we have put upon the ordinance is one which appellant has placed upon it for about eighteen years. All of the tracks in question had been down and in use a number of years before the institution of this action, and some of them as long as eighteen years before its bringing; further, important industries have sprung up along this section of street, whose location has doubtless been influenced by the trackage facilities there, for so many years enjoyed by defendant. In fact, for many years all parties have, by their acts, construed the ordinance in question as we have—that is, that it authorized the presence of the system of tracks complained of.

"The right to lay a track through a street implies, by necessary implication, the right to use such track in the mode ordinarily adopted by railroad

companies, and subject to reasonable regulation under the police power of the proper authorities. The right to lay side tracks and turnouts, in like manner, implies the right to use them, and the only use which could be reasonably contemplated by their construction is for the transportation of goods to and from the adjoining stores and warehouses. Add to this the significant fact that the railroad company, after being placed in possession of its franchise, construed it to confer this right, and exercised it uniformly, without complaint or interruption, for between 17 and 18 years. A contemporaneous construction of a law is of very high authority. The practical exercise of a right under it, acquiesced in by the public, and not denied by those adversely interested, is the strongest evidence that it has been rightly interpreted. The practical construction, thus established by years of uniform usage, is often allowed by the courts, even in doubtful cases, to have the force of settled law.''—*Mobile v. Louisville and Nashville Railroad Co.,* 86 Ala. 115, 121; 36 Am. & Eng. Railroad Cases 171, 176.

It is further contended that it did not appear that the statutory consent of property holders was secured for the passage of the ordinance, also that all rights under the ordinance had been forfeited through the failure of defendant to give a bond required by the ordinance, also by its failure to locate and maintain a depot as provided in such ordinance. A sufficient answer to these contentions is, they are not presented by the pleadings. It is lastly contended that the ordinance in question was not assignable. This question also is not presented by the pleadings. Further, the ordinance in section 2 clearly recognizes the assignability of the rights created by it. Again, after the lapse of years, during

which all of the parties have recognized the assignability of the ordinance and mutually accepted benefits from its recognition, it would be unconscionable to place a different construction upon it at the request of one of them.

Another matter deserves attention. The question before the lower court, as we have stated, was whether the defendant should be ordered to remove its tracks because so numerous as to destroy the street as such.

The findings of the court below on the issue were for the defendant, and its judgment was right; but we think the judgment, in its second subdivision, too broad. Questions are there adjudicated not necessary to a decision of the case. It was only necessary, in deciding the case, for the court to determine that the tracks in the street, at the bringing of the suit, were properly there. In deciding that they were properly there, as we have stated, the court was right; but, in going beyond this, the judgment was too broad. The second subdivision of the decree reads:

"That the said defendant, the said The Colorado and Southern Railway Company, be, and it hereby is confirmed and secured in the use and possession of the said street in the manner and form in the said ordinance prescribed."

It was only necessary for the court to decide that the ordinance was good as to the rights the defendant was enjoying under it at the time of the institution of the suit. It has gone further in its decree. The judgment below will be modified by eliminating this objectionable paragraph, and, as modified, be affirmed.     *Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.