[No. 7105.]

## ALBI MERCANTILE COMPANY V. THE CITY AND COUNTY OF DENVER ET AL.

1. DENVER—*Vacating Street for Viaduct—Effect*—Under sec. 297 of the charter of Denver the fee in a street vacated for the construction of a viaduct remains in the city. It does not revert to the owner of the abutting property.

2. INJUNCTION—*To Restrain Public Work*—The city of Denver has the unquestionable right to construct or cause to be constructed in the public streets, viaducts and approaches thereto. That a structure, erected under proper legislative and municipal authority may so interfere with the access to private property as to entitle the owner to compensation does not afford him an injunction to restrain the erection of it until compensation is made.

*Error to Denver District Court.*—Hon. GEORGE W. AL-LEN, Judge.

Messrs. STARK & MARTIN, for plaintiffs in error.

Messrs. HUGHES & DORSEY and Mr. E. I. THAYER, for Union Pacific Railroad Company and The Denver, Northwestern & Pacific Railway Company.

Mr. E. E. WHITTED and Mr. ROBERT H. WIDDICOMBE, for Chicago, Burlington & Quincy Railroad Company and The Colorado & Southern Railway Company.

The city and county of Denver entered into a contract with its co-defendants in error to construct what is commonly known as the Twentieth street viaduct, with an approach on Delgany street, which runs at right angles to Twentieth street. Plaintiff in error owns a lot abutting on Delgany street in front of which the approach on the latter street is constructed. On this lot a two-story building was located, in which plaintiff in error conducted a wholesale and retail mercantile business.

Prior to the construction of the approach the plaintiff in error brought suit the purpose of which was to enjoin the defendants from constructing it. To the complaint the defendants demurred, on the ground that it did not state facts sufficient to constitute a cause of action, or to entitle the plaintiff to equitable relief, or to any such relief as was sought and prayed for. This demurrer was sustained and plaintiff having elected to abide by its complaint, its action was dismissed. To review the ruling on the demurrer and the judgment rendered, plaintiff has brought the case here on error.

The complaint, so far as material to consider, in addition to the facts above narrated, alleges that the charter of the city and county of Denver provides that a viaduct shall not be constructed unless the council shall have first provided for the vacation of such portion of the street upon the completion of the viaduct over and along which the viaduct is proposed to be constructed. The charter provisions upon which this allegation is based is section 297 of the charter, which is set out *haec verba* in the complaint, and provides that the article of which it is a part shall not affect the power of the council to require railroad companies to construct viaducts and approaches over their tracks at their expense, and may direct such construction by ordinance. It also contains the following: *"Provided,* that no viaduct, bridge or tunnel shall be constructed under this section, unless the council shall have provided for the vacation of the street upon the completion of such viaduct, bridge or tunnel, throughout that portion thereof over, along or under which said public improvement is proposed to be constructed, the fee of the street to remain, nevertheless, in the city and county." The complaint then alleges that the city and county of Denver entered into the contract mentioned without having first provided for the vacation of Delgany street; that since entering into this contract with its co-defendants it has vacated that portion of Delgany street in front of plaintiff's premises by placing a fence across the street

at Twentieth, and also at Twenty-first street, whereby the public and plaintiff are prevented from the use of that portion of Delgany street between such fences.    Facts are then alleged from which it appears that the portion of Delgany street involved had been dedicated for use as a public street about 1873.    It is then charged that by reason of the acts of the city and county of Denver, in fencing the portion of Delgany street mentioned, it has vacated that portion thereof, and that the title to that portion of the street, to its centre, in front of plaintiff's premises has reverted to it, and that it now owns the fee thereof.    It is alleged that defendants are engaged in constructing the approach on Delgany street; that thereby they have unlawfully entered upon the property of plaintiff; that if the construction of the approach is permitted, it will be impossible for any one to reach and enter plaintiff's place of business; that the light for its building will thus be obstructed; and (quoting from the complaint) "That the acts and contemplated acts on the part of the defendants and each of them constitutes a taking and damaging of private property for public and private use without just compensation, and without any attempt upon the part of the defendants, or any of them, to make any compensation whatever therefor; that no condemnation proceeding has been instituted, nor any steps taken for the purpose of ascertaining and paying to plaintiff the damages which it will sustain; that unless defendants are restrained from this unlawful taking and damaging of plaintiff's property and business, in violation of its rights under the constitution of this state, this plaintiff will suffer great and irreparable loss, damage and injury; and that it has no adequate and complete remedy at law."

The complaint concludes with a prayer that a temporary writ of injunction issue, restraining defendants from taking possession of plaintiff's property, or in any wise interfering with the possession thereof; "and from building or constructing or attempting to construct and build said viaduct and ap-

proach over and upon plaintiff's property, and that upon final hearing, such injunction be made permanent; and for such other and further orders and relief as plaintiff may show itself entitled to, and for costs of suit."

Mr. JUSTICE GABBERT delivered the opinion of the court:

The complaint appears to be framed entirely upon the theory that the portion of the street in front of plaintiff's premises was vacated or abandoned; that for this reason the fee of the ground in front of its premises to the centre of the street reverted to it, and the approach is, therefore, being constructed upon its land, without provision having been made for compensating it for the value of the land taken, and resulting damages. This theory is not tenable. If the street was vacated as claimed, the purpose of so doing was to comply with the charter provision requiring the city authorities to provide for the vacation of the portion of the street over and along which the approach would be constructed. This, however, did not vest plaintiff with the fee of the street, as claimed, for the reason that, according to the express provision of the charter the fee of the street, nevertheless, remained in the city; so that it is evident property belonging to the plaintiff would not be taken by the construction of the approach. The erection of this structure may have so impaired its ingress and egress as to entitle it to compensation for the injuries thus occasioned, but this right does not entitle it to an injunction under the averments of its complaint restraining the construction of the approach until such compensation has been paid. This proposition is so well settled in this jurisdiction that further discussion of it is unnecessary. In brief, where the fee of an abutting lot owner is not sought to be taken, he cannot,

under the constitution or under the statute of eminent domain, enjoin the construction of a viaduct or its approach on a street in front of his lot merely because the damages to his premises thus occasioned are not compensated in advance, provided the structure is being erected under proper legislative and municipal authority.—*Denver & S. F. R. Co. v. Domke,* 11 Colo. 247; *Denver, U. & P. Ry. Co. v. Barsloux,* 15 Colo. 290; *Haskell v. Denver Tramway Co.,* 23 Colo. 60.

As was said in the case last cited, the plaintiff has mistaken its remedy. The above cases, it is true, relate to the construction of railroad and street-car tracks, but the principal upon which they were decided is identical with the one applicable to the case at bar. The city has the unquestioned right to construct viaducts, or provide for their construction and approaches thereto. This is a lawful exercise of its authority which will not be interfered with by injunction, although property owners abutting a street upon which a viaduct or approach is constructed may have a right of action for damages.

The judgment of the district court is affirmed.

*Judgment affirmed...*

Chief Justice Musser and Mr. Justice Hill concur.