## No. 19,417.

CITY OF COLORADO SPRINGS, ET AL. *v.*
JAMES C. CRUMB, ET AL.
(364 P. [2d] 1053)

Decided September 25, 1961.

Mr. F. T. HENRY, for plaintiff in error City of Colorado Springs.

Mr. KENNETH W. GEDDES, for plaintiff in error Intervenor Robert Alexander.

Messrs. MURPHY & MORRIS, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THE only issue to be resolved is the propriety of a certain injunctive order entered by the trial court. That order is as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, That Ordinance No. 2528 of the City Council of the City of Colorado Springs heretofore passed and approved on April 28, 1959, vacating Mount View Heights, 2nd Addition, to the City of Colorado Springs, in so far as it applies to Platte Avenue running in an Easterly direction from Circle Drive for a distance of about 3½ Blocks, is therefore declared illegal, null and void, as in violation of constitutional guarantees against the taking of private property without the payment of just compensation and without due process of law. Defendant [Colorado Springs], its agents and representatives will be permanently restrained and enjoined from closing East Platte Avenue within the city limits from Circle Drive easterly for 3½ blocks (all portions of East Platte Avenue as dedicated to public use in the plat of Mount View Heights, 2d Addition) that Defendant, its agents and representatives are hereby restrained and enjoined from constructing any barriers on said Platte Avenue, *all until such time as plaintiffs' access rights as abutting property owners have been acquired in eminent domain proceedings.*" (Emphasis supplied.)

The present controversy obviously has its origin in Ordinance No. 2528 of the City of Colorado Springs which purportedly vacated a platted subdivision, known as Mount View Heights Second Addition. Included within Mount View Heights Second Addition is an unimproved platted street known as Platte Avenue. Platte Avenue, as well as all of Mount View Heights Second Addition, is entirely within the boundaries of Colorado Springs.

James and Therese A. Crumb and Aaron Kitchen own property which abuts on Platte Avenue, although their

property is not situate within the City of Colorado Springs. In other words, although Platte Avenue itself is entirely within the boundaries of Colorado Springs, the north edge of that roadway constitutes the City's boundary line and the Crumbs and Kitchen reside across that line in El Paso County. Platte Avenue runs east and west and although the Crumb and Kitchen properties abut on Platte Avenue, such street or roadway does not constitute their only means of access. As a matter of fact Platte Avenue is at the best only a secondary means of access to plaintiffs' properties, and the primary means of access to the Crumb and Kitchen properties is from streets running north and south, on which their property also abuts.

After this ordinance vacating Platte Avenue was duly passed by the city council, the Crumbs and Kitchen brought the present action seeking a determination that the ordinance in question is illegal and void, and injunctive relief restraining and enjoining Colorado Springs from "constructing any barriers" on Platte Avenue or taking other measures which would interfere with the right of the general public to use Platte Avenue. Thereafter, without objection, Robert E. Alexander was permitted to intervene as an additional party defendant, he being the owner and developer of the Mount View Heights Second Addition. After trial the court took the matter under advisement and some eight months later entered the judgment set forth above.

The injunction by its terms enjoins Colorado Springs from closing Platte Avenue, but only "until such time as plaintiffs' access rights as abutting property owners have been acquired in eminent domain proceedings." Similarly, the basis for the declaration by the trial court that the ordinance is unlawful is the belief that such constitutes a "taking of private property without the payment of just compensation." The contention of the Crumbs and Kitchen is that Platte Avenue could not be vacated until they were *first* paid a sum of money for damage to

their respective properties resulting from their loss of access to Platte Avenue. In support of their position they cite Section 15 of Article II of the Colorado Constitution, which provides, in part, as follows:

"Private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law, and *until the same shall be paid to the owner, or into the court for the owner, the property shall not be needlessly disturbed, or the proprietary rights of the owner therein divested.*" (Emphasis supplied.)

Colorado Springs and Alexander contend that a property owner who abuts onto a street which is in the process of being vacated, such as the Crumbs or Kitchen, has an adequate remedy at law, namely an action for damages, hence injunctive relief is improper even though compensation is not paid in advance and notwithstanding the fact that eminent domain proceedings have not been instituted. Such contention conforms to the basic rule that if an adequate remedy exists at law, equity will not be moved to act.

The broad power of a municipality to vacate streets or roadways within its boundaries is succinctly stated in *Lockwood v. City of Portland,* 288 Fed. 480, where the Circuit Court of Appeals for the Ninth Circuit declared:

"The following propositions are so firmly established as to require no citation of authority in their support: First, subject to the limitations contained in the Constitution of the United States, and in its own constitution, the power of a state to vacate public streets within its borders, is plenary and absolute; second, this power may be delegated to municipal corporations; and, third, a court of equity cannot review the action of the municipal

authorities in the exercise of the power thus delegated in the absence of fraud or a plain abuse of power."

By appropriate statute the City of Colorado Springs is empowered to vacate streets within its borders. C.R.S. '53, 139-32-1 (20 a) provides: "The governing bodies in cities and towns shall have the following powers: * * * to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds, and *vacate the same.* * * * * " (Emphasis supplied.) See also, C.R.S. '53, 120-1-13 (1a), and Article XX of the Colorado Constitution.

One statutory restriction on the power to vacate is C.R.S. 120-1-13 (2), which provides: "No roadway, or part thereof, shall be vacated so as to leave any land adjoining such roadway without an established public road connecting said land with another established public road." This statute, however, is inapplicable to the instant case, it being agreed by all that the Crumbs and Kitchen not only have access to their property from "another established public road," but in fact still have their *primary* means of access.

The Crumbs and Kitchen concede the power of Colorado Springs to vacate Platte Avenue, but contend that such vacation may not be properly accomplished unless and until each is first compensated for the alleged resulting damage to their respective properties. They argue that Section 15, Article II of the Colorado Constitution, set forth above, supports this contention. Incidentally, this constitutional provision is the only authority cited by them in support of the injunctive order here under judicial scrutiny.

█ Essentially the same argument as that advanced by the Crumbs and Kitchen has been considered and rejected by this Court on at least four different occasions. In *Albi Mercantile Company v. City and County of Denver, et al.,* 54 Colo. 474, 131 Pac. 275 (1913) Denver entered into a contract with several railroad companies whereby the latter companies agreed to construct

Twentieth Street viaduct at their expense. In connection with this transaction Denver in turn by appropriate ordinance vacated Delgany Street, which ran under but at right angles to the proposed viaduct. Albi conducted a mercantile business which fronted on Delgany Street, and by an action in equity he sought to enjoin Denver and the railroad companies. A demurrer to the complaint was sustained by the trial court, and the action dismissed. This Court affirmed the judgment of dismissal, and in so doing said:

"The erection of this structure may have so impaired its ingress and egress as to entitle it to compensation for the injuries thus occasioned, but this right does not entitle it to an injunction under the averments of its complaint restraining the construction of the approach until such compensation has been paid. This proposition is so well settled in this jurisdiction that further discussion of it is unnecessary. In brief, where the fee of an abutting lot owner is not sought to be taken, he cannot, under the constitution or under the statute of eminent domain, enjoin the construction of a viaduct or its approach on a street in front of his lot merely because the damages to his premises thus occasioned are not compensated in advance, provided the structure is being erected under proper legislative and municipal authority."

Also, in *Haskell v. Denver Tramway Co.*, 23 Colo. 60, 46 Pac. 121 (1896), we said:

"The only property right which he himself claims will be impaired is the easement or right of ingress and egress to and from his premises which necessarily will be obstructed by the construction and operation of defendants' loop. In this state the rule is settled that in these circumstances injunctive relief will not be given, because damages furnish a complete remedy, and that the abutting owner for such injuries cannot enjoin the construction and operation of a railroad merely because damages are not compensated in advance, if the railway com-

pany be acting under sufficient legislative municipal authority."

See also *Denver & S. F. R. Co. v. Domke,* 11 Colo. 247, 17 Pac. 777 (1888), and *Denver U. & P. Ry. Co. v. Barsaloux,* 15 Colo. 290, 25 Pac. 165 (1890).

We are not here called upon to determine whether the Crumbs and Kitchen are in fact entitled to recover damages. Their complaint seeks only to nullify the ordinance and enjoin the City from carrying it into practical effect, hence we refrain from commenting thereon.

Under the circumstances shown the Crumbs and Kitchen were not entitled to the injunctive order issued by the trial court. The judgment is therefore reversed and the cause remanded with direction to vacate the same.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.