444 F.2d 717
 2 ERC 1721, 1 Envtl. L. Rep. 20,393
 Theodore S. RYAN and Highland-Bavarian Corporation,
Plaintiffs-Appellants, and City of Aspen,
Colorado, a municipal corporation,
Plaintiff-Intervenor-Appellant,
v.
PITKIN IRON CORPORATION, Defendant-Appellee.
 Nos. 303-70, 304-70.
 United States Court of Appeals, Tenth Circuit.
 July 2, 1971.
 
 Don H. Sherwood, Denver, Colo. (Dawson, Nagel, Sherman & Howard, and S. Chandler Visher, Denver, Colo., with him on the brief), for plaintiffs-appellants.
 Ralph M.Clark and Michael Wilfley, Denver, Colo. (Law, Nagel & Clark, Denver, Colo., with them on the brief), for plaintiff-intervenor-appellant. V. G. Seavy, Jr., Denver, Colo., for defendant-appellee.
 Before SETH and HOLLOWAY, Circuit Judges, and WESLEY E. BROWN, district judge.
 SETH, Circuit Judge.
 
 
 1
 This is an appeal from the United States District Court for the District of Colorado in which the preliminary injunction sought by the plaintiffs was denied, and the action was dismissed.
 
 
 2
 The defendant-appellee was granted by the appropriate Forest Supervisor a Special Use Permit covering about three acres of forest land near Aspen, Colorado. do. The permit was sought and granted for the purpose of building and using a sewage treatment facility thereon in connection with its proposed use of an adjacent unpatented millsite claim. The use of the millsite was to include housing for defendant's employees and for the employees of the ore truckers. Defendant's mine is several miles from the millsite.
 
 
 3
 The plaintiffs allege that the use of the unpatented millsite for a trailer camp was an improper use of such a claim under the mining laws, that the national forest lands could not be used for a sewage treatment plant, and further that the trailer camp and its sewage plant was a nuisance. The initial plaintiffs owned adjacent or nearby land. The City of Aspen was permitted to intervene as a plaintiff upon its allegation that the facilities complained of were in the watershed from which it obtained its municipal water, and that they would be a nuisance.
 
 
 4
 The trial court heard evidence on the motion for a preliminary injunction and denied it. The trial court also granted the motions of the defendant to dismiss the complaints. None of the facilities complained of were completed or in use at the time the action was started.
 
 
 5
 As to the proposed use of the unpatented millsite claim for housing, the plaintiffs seek to have the propriety of such use decided by the courts before any administrative proceeding to challenge the use is commenced. It is not alleged or argued that proceedings to such end have been commenced before any Department of the Interior officials. The attempted challenge of the use of the claim goes to the nature of the location or entry. The plaintiffs assert that under such a millsite location housing is an improper use. This is a challenge to the entry as being contrary to 30 U.S.C. 42 and the regulations at 43 C.F.R. 3417.1 (3844.1).
 
 
 6
 The question is then whether the challenge can be commenced in this manner. We must agree with the trial court that it cannot. Relief must first be sought before the administrative agency concered. This is in accord with Best v. Humboldt Placer Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350; Cameron v. United States, 252 U.S. 450, 40 S.Ct. 410, 64 L.Ed. 659; Brown v. Hitchcock, 173 U.S. 473, 19 S.Ct. 485, 43 L.Ed. 772, and Orchard v. Alexander, 157 U.S. 372, 15 S.Ct. 635, 39 L.Ed.737. The plaintiffs claim no possessory right contemplated by 30 U.S.C. 53 which provides for judicial relief as to the right of possession.
 
 
 7
 In plaintiffs' second cause of action relating to the Special Use Permit on the forest it appears from the pleadings and the argument before this court that the administrative remedy commenced by the plaintiffs has not been completed. In 36 C.F.R. 211.21 and following, the several steps on the administrative route are described. It appeared that when the appeal to this court was argued, an administrative appeal brought by plaintiffs was pending before the Secretary of Agriculture (36 C.F.R. 211.28(c)). Since there was no final disposition of the administrative proceedings, they were not the proper subject for judicial review. 5 U.S.C. 704. Further there is demonstrated no need for any temporary relief to plaintiffs as no irreparable injury has been shown. Liberty National Bank & Trust Co. v. Board of Governors of Federal Reserve System, 312 F.2d 392 (10th Cir.).
 
 
 8
 As indicated above, intervenor, the City of Aspen, and the other plain asserted that the facilities constitute a nuisance per se and sought an injunction which was denied by the trial court. The trailer court was not built nor was the sewage plant at the time the action was started, and thus the injunction was sought against an anticipated nuisance. The case law of Colorado indicates that this may not be done under these circumstances.
 
 
 9
 Both facilities may be built and operated so as not to be a nuisance, and thus it cannot be held that at all times and under all circumstances they may be nuisances within the definition set out in Echave v. City of Grand Junction, 118 Colo. 165, 193 P.2d 277. The propriety of injunctive relief against a threatened nuisance was considered by the Colorado Supreme Court many years ago in Haskell v. Denver Tramway Co., 23 Colo. 60, 46 P. 121. In the cited case the court considered also the public benefit there involved but held that the allegation of a threatened nuisance was not enough. See also 40 A.L.R.2d 1192. The plaintiffs rely on Seigle v. Bromley, 22 Colo.App. 189, 124 P. 191, which involved a proposed hog ranch. The court there did enjoin the feeding of offal and garbage and the bringing of other filth on the property. However the facts before us do not approach those in the cited case as relating to the inevitability of the nuisance. The denial of the relief sought in the trial court does not prevent the plaintiffs in the future from seeking an injunction in the event the facilities when in operation constitute a nuisance. We do not decide at this anticipatory stage whether the administrative determination relative to the special use permit is reviewable by the courts nor whether other renedies are available.
 
 
 10
 Affirmed.