## No. 17,798.

JOHN G. CRANE, ET AL. *v.* ROBERT O. BECK.

(295 P. [2d] 222)

Decided March 26, 1956.

Mr. ARTHUR M. MORRIS, for plaintiffs in error.

Messrs. ROBINSON & CURRAN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs and defendant in error was defendant in the trial court. We shall refer to the parties as they there appeared.

Plaintiffs filed a petition asking for a temporary and permanent injunction restraining defendant from entering or trespassing upon a strip of land thirty feet in width, title to which plaintiffs claimed. The petition alleged that defendant had commenced the construction of a ditch and pipeline across said land. The trial court, after hearing, denied the temporary injunction and plaintiffs bring the case here by writ of error.

For reversal it is urged that the decision of the trial court was erroneous because of several findings of fact which plaintiffs claim are not supported by the record and transcript. It is also urged that rights guaranteed plaintiffs under the Fifth and Fourteenth Amendment to the Constitution of the United States and Section 15 of Article II of the Constitution of the State of Colorado are denied them by the decision of the trial court.

We have carefully examined the entire record, together with the exhibits submitted in the trial court, and find that there is ample competent evidence in the record to support the findings of fact made by the trial court. It appears from the evidence that in 1887 the land in controversy was, pursuant to statute, established as a public highway, now known as West 38th Avenue. The requisite formal action of the then board of county commissioners approving the establishment of this roadway appears in the record. This roadway was sixty feet in width. Not all of it was used as a highway for vehicular traffic. Plaintiffs' fence was outside of the boundary of this roadway.

Plaintiffs' petition alleged they had paid taxes on this strip of land for many years; had been in open possession thereof and they claimed title by adverse possession. At the trial no proof of plaintiffs having paid taxes on this strip of land was introduced. The trial court correctly stated that under the facts payment of such taxes

by plaintiffs would be of no avail to them in the action. If taxes were erroneously paid by plaintiffs on land not owned by them, they have a remedy. We so held in *Board of Commissioners v. Doherty, executrix,* 114 Colo. 594, 168 P. (2d) 556.

The fact that the entire sixty foot strip was not used for a highway is not helpful to plaintiffs. In *Uhl v. McEndaffer,* 123 Colo. 69, 225 P. (2d) 839, as in the instant action, the facts disclosed a declaration in the year 1889 by the board of county commissioners that certain lands become public highways. Until the year 1948 no further action was taken by the board to either improve the same or to vacate the dedication. We there held that the dispute between the parties "rests squarely on the question whether thirty feet of the land on each side of the section line, is, or is not, a public road or highway. If it is a public road, under all the circumstances, then plaintiffs' action could not be maintained." Further quoting from that opinion:

"In view of this declaration, it must be said that the lands here involved, being thirty feet on each side of the section line, compose a public highway and remains as such until vacated or abandoned by some appropriate action of the board of county commissioners. The purpose of the declaration was to provide the right of lawful access to adjacent property. The very purpose of the act would be thwarted if it was held that unless some physical action on the part of the county authorities in developing or improving the work was performed in time, nonuse could be said to be a vacation or abandonment. The lines of the roadway are prescribed, and await the use thereof by one or more, and that, until such time as statutory provisions for vacating the dedication have been complied with."

In the case before us the owners of the land in four different sections joined in the petitions to establish this public roadway, and appropriate action under the statute, together with the plat of the road has been a

public record in the office of the county clerk and recorder of Jefferson County since November 11, 1887. Predecessors in title to plaintiffs, in certain conveyances, excepted from lands they conveyed so much thereof as may have been conveyed as a public highway. Moreover when plaintiffs executed a deed of trust on their land to secure payment of an obligation, they excepted a strip of land along the south side of the tract "which has been dedicated as a public highway known as West 38th Avenue."

Under the facts as disclosed by the record here plaintiffs cannot claim title to a public roadway established and approved in accordance with the statute then existing. (Revised Statutes 1908, sections 5849 and 5850.)

The trial court having found from competent evidence that "at the time of the opening and laying out of said road the same became a public highway; and nothing has occurred since that time to vest any portion thereof in anyone else, including the plaintiffs" the temporary injunction was correctly denied.

It having determined that plaintiffs have no title to, or interest in, this strip of ground, they have been deprived of no rights and nothing has been taken from them, hence the constitutional provisions above referred to have no application.

The judgment is affirmed.