No. 22058.

ALFRED E. KOENIG *v.* J. LEONARD GAINES AND
GEORGE W. CRAWFORD.
(440 P.2d 155)

Decided April 8, 1968.    Rehearing denied May 6, 1968.

Inman, Flynn & Coffee, for plaintiff in error.

Hutchinson, Black & Hill, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hodges.

The plaintiff in error filed an action in the trial court seeking an order enjoining the defendants in error from obstructing an alleged public road. The parties will be referred to as they appeared in the trial court or by name. The defendants aver that the purported public road, which ran through their land, had been abandoned and that there was another road available to the plaintiff for access to his mining claims. After trial to the court during which the trial judge visually examined the roads in question, judgment was entered for the defendants.

From this judgment, the plaintiff brings this writ of error and urges reversal on the grounds that the trial court erred as a matter of law in its findings of fact and conclusions of law which premised the court's judgment.

Ownership of the Alaska and Blue Ribbon mining claim properties was conveyed to plaintiff in December 1963. Shortly thereafter, this action was commenced to enjoin the defendants from obstructing the so-called Sunbeam Gulch Road, which traverses Lots 69 and 70 owned by the defendants.

The plaintiff claims that the Sunbeam Gulch Road is a public highway through the land of the defendants and that it has been used generally by the public since prior to 1902 for access to the properties now owned by the plaintiff. The plaintiff therefore claims that defendants had no right to obstruct this road by a fence and "no trespassing" sign. In addition to a general denial, the defendants aver that the plaintiff at all times since acquiring his mining claims has had other reasonable and suitable access to the claims and that the so-called Sunbeam Gulch Road through the defendants' land has been abandoned for a period of over forty years.

The pre-trial order delineated the following determinative issues to be resolved by the trial court:

\* \* \* \* \*

"2. Whether the route known as the Sunbeam Gulch Road is in fact a road.

\* \* \* \* \*

"5. The location or existence of other means of access to the property of the plaintiff.

"6. Whether there are facts to support the defendants' affirmative defenses of abandonment."

In its "Findings of Fact, Conclusions of Law, and Decree," the trial court found as follows:

"At the commencement of the trial, the Court inspected the general area in question and viewed visible evidence that at one time a road had existed, extending from the present county road, up what is known as Sunbeam Gulch, and across the Defendants' lands to the Alaska. According to testimony of the Defendants' witness, the road up Sunbeam Gulch was not in use

in 1935 and there is additional testimony to support a finding that the road has not been used, except· for occasional, random and infrequent pedestrian traffic, for the past 30 years. The evidence shows that some time prior to the year 1935, another road was constructed which extends from the existing county road along the northerly side of Sunbeam Gulch and past the Defendants' properties leading to the mining properties to the west thereof. This latter mentioned road has been in continuous use for more than 30 years and the Court finds that said road crosses a corner of the Alaska claim. The Court further finds that sometime in 1961, limited operations were conducted on the Alaska and that access was gained by leaving the presently used road at a point on the west line of Lot 70 and thence across Lot 71 and the Columbus Lode without traversing any part of the former road as it once crossed the Defendants' properties. The Court further finds from the testimony, including the testimony of the Plaintiff, that there are other means of access available to the Plaintiff by which he may reach the Alaska and the Blue Ribbon, without the need for traversing either Lot 69 or 70.

"The Court further finds that, in 1955 or 1956, when the Plaintiff first became interested in the Alaska and the Blue Ribbon, the former road up Sunbeam Gulch and across the Defendants' properties was not in use; at this time, the only means of access was the present road to a point west of the Crawford tract and thence into Sunbeam Gulch across Lot 71 and the Columbus Lode, which Columbus Lode is also owned by the Plaintiff. The Court further finds that the same situation existed in 1963, when the Plaintiff acquired the Alaska and the Blue Ribbon, and that the only vehicle that has traversed the former road since that time was one time when the Plaintiff took a bulldozer down the gulch road to a point where the former road enters Four Mile Canyon Creek.

"Based upon the foregoing Findings of Fact, the Court

rules that the former road up Sunbeam Gulch and traversing said Lots 69 and 70 was abandoned some time prior to 1935 and that since that date, whenever a need has arisen to gain access to the Alaska and the Blue Ribbon, an alternate route has been used. . . . While earlier cases state that there can be no abandonment merely through nonuse, it is clear from the facts of this case that an alternate route was established more than 30 years ago and that this alternate route has been used since that date as a means of access to the two mining claims. Such an alternate, or substitute, route was the only one in existence and use from the time the Plaintiff first became interested in obtaining the lode mining claims. The Court rules that it would be a manifest injustice at this time, and under these facts, to declare that the Plaintiff, on behalf of the public, has a right to open a public highway across the Defendants' land when a suitable and reasonable means of access is otherwise available to the Plaintiff."

Plaintiff maintains that if the evidence did establish nonuse by the public of the Sunbeam Gulch Road, this alone is not sufficient to establish abandonment. In support of this proposition, the plaintiff cites *Uhl v. McEndaffer,* 123 Colo. 69, 225 P.2d 839, which involves an issue of abandonment of a public highway. On this issue, we therein held: ". . . abandonment will not ordinarily be implied from mere nonuser when the public need has not required the use."

■■ The foregoing holding, however, does not encompass the full import of the trial court's findings in the case at bar. In addition to a finding of nonuser for the "past 30 years," the trial court also found that some time prior to 1935, another road was constructed leading to the plaintiff's mining properties, and that such other route was the only one in existence when plaintiff first became interested in Alaska and Blue Ribbon mining claims in 1955 or 1956 and when he purchased these claims in 1963. This finding therefore when superim-

posed on the finding of nonuser for over 30 years is sufficient to effectuate abandonment. Nonuser and evidence of an intent or determination to abandon amply support a finding of abandonment. In our view, the construction of another route plus nonuse of the Sunbeam Gulch Road reflects an intent or determination to abandon on the part of the public and those who in the past required access to the mining properties now owned by plaintiff.

In *Nicolas v. Grassle,* 83 Colo. 536, 267 P. 196, it was recognized that casual roads across public land for which new roads have been substituted by the public or by common consent, was an element to consider in a dispute as to the public usage of a so-called casual road. This issue however did not require a determination in that case, and it therefore was not decided.

However, in *Sterlane v. Fleming,* 236 Iowa 480, 18 N.W.2d 159, on the question of abandonment of a roadway, the following statement was made as a rule of law on this issue: "The question of abandonment of a road involves not so much the question of time, though after a long time there may arise a presumption. But it involves more the question of intent and the acts of the public. *Nonuser is not enough, unless coupled with affirmative evidence of a clear intention to abandon.*" (Emphasis added.)

The foregoing quotation in our view sets forth an acceptable rule of law applicable to the facts as found by the trial court. The nonuse of the Sunbeam Gulch road for over 30 years and the intent to abandon which is implicit from the construction and use of another road, supports, as a matter of law, the trial court's finding that the Sunbeam Gulch Road through the defendants' property had been abandoned.

The plaintiff's second assignment of error has no merit in view of our holding herein on the question of abandonment. Also, plaintiff's contention that the evidence does not support the trial court's findings is with-

out merit. We have reviewed the testimony and exhibits and find that this record amply supports the trial court's findings of fact.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE DAY concur.