533 P.2d 50 (1975)
BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY, and the State Department of Highways, Division of Highways, State of Colorado, Petitioners-Appellees,
v.
Carrol WILCOX and Barbara J. Wilcox, Respondents-Appellants, and
Donald W. Kanaly, as Treasurer of Mesa County, Respondent.
No. 74-079.
Colorado Court of Appeals, Div. II.
January 7, 1975.
Rehearing Denied February 4, 1975.
*51 Gerald J. Ashby, Grand Junction, John P. Moore, Atty. Gen., Joseph M. Montano, Wayne B. Schroeder, Sp. Asst. Attys. Gen., Denver, for petitioners-appellees.
Nelson, Hoskins, Groves & Prinster, P.C., John W. Groves, Jon E. Getz, Grand Junction, for respondents-appellants.
Selected for Official Publication.
ENOCH, Judge.
Respondents, Carrol Wilcox and Barbara J. Wilcox, appeal from that part of the district court's judgment which held that the county had not abandoned undeveloped portions of a public right-of-way. Respondents contend that the district court failed to accord sufficient weight to the evidence of abandonment presented by respondents. Respondents further urge that it was error for the district court to conclude as a matter of law that the construction of a roadway which makes only partial use of the right-of-way would not constitute the construction of an alternate route which would establish abandonment of the adjoining undeveloped portion of the right-of-way. We affirm.
This controversy arose from a condemnation action brought by the state highway department and Mesa County in connection with the construction of Interstate 70. The state sought to improve an old roadway which deviated from a section line right-of-way abutting the eastern boundary of property owned by respondents. Respondents contend that the undeveloped portions of that right-of-way have been abandoned and cannot now be taken back without compensation being paid to them.
It is not disputed that this right-of-way, a 60-foot-wide strip centered on the section line, was lawfully established in 1892 on what was then public domain by resolution of the county commissioners pursuant to state and federal law. Nor is it disputed that the creation of this public right-of-way preceded the grant of patent to respondents' predecessors in interest and constitutes binding notice of its existence. The parties are also agreed that until very recently the only development of this right-of-way was a county road, Road 13, which followed the right-of-way adjacent to respondents' property south until it reached a point identified as Survey Station 11+99 where it made a sharp curve out of the right-of-way and crossed the southeast corner of respondents' property. Significantly, north of Station 11+99, Road 13 was located entirely to the east of the section line but did include a part of the thirty feet east of the section line. The thirty feet of right-of-way west of the section line abutting respondents' land was never developed as part of the roadway. It is this thirty feet west of the section line that is in dispute.
The property abutting the right-of-way was purchased in 1952 by respondent Carrol S. Wilcox who conveyed the land to himself and his wife in joint tenancy in 1967. Respondents made improvements, including a driveway, fence line, drainage ditch, and corrals, all of which were located within the undeveloped western half of the section line right-of-way. At trial respondents contended that county officials acquiesced in their use of the right-of-way, that the county had knowingly relocated Road 13 outside the right-of-way, and that respondents annually had been assessed taxes for land extending all the way to the section line.
The district court concluded that as for the land south of Station 11+99, where Road 13 left the right-of-way entirely, abandonment of the right-of-way west of the section line had occurred. This ruling has not been appealed. The western half of the right-of-way north of Station 11+99, the court concluded, had not been abandoned and consequently no compensation was owed respondents by the state for *52 that land. It is that conclusion which is before us on appeal.
Respondents contend that the district court erred in finding that the county had merely acquiesced in respondents' use of the disputed parcel and in finding no "affirmative evidence" of an intent to abandon. They point in particular to testimony of the county tax assessor that taxes were assessed all the way to the section line, and testimony of county employees that they were aware that Road 13 was not located on the section line and that the county had never developed the right-of-way west of the section line north of Station 11+99. However, there is evidence, in the form of tax notice descriptions and local plats, which support a finding that respondents' taxes were assessed only to the western boundary of the right-of-way.
Decisions as to credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, and the inferences and conclusions to be drawn therefrom, are all necessarily within the province of the trial court and will not be disturbed on review unless manifestly erroneous. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336. The evidence supports the ruling of the trial court and we find no abuse of discretion in the court's evaluation of it.
Respondents further contend that the district court erred in concluding that abandonment of the unused western half of the right-of-way was precluded so long as some use continued to be made of the eastern half of said right-of-way for Road 13.
Ordinarily, abandonment is a question of fact for the trial court. Shively v. Board of County Commissioners, 159 Colo. 353, 411 P.2d 782. The establishment of a public right-of-way along a section line creates a public highway, and when its use has not been required by the public, the abandonment of it will not ordinarily be implied from mere nonuse. Uhl v. McEndaffer, 123 Colo. 69, 225 P.2d 839. However, where there has been nonuse plus evidence of an intent to abandon, such as the construction and use of an alternate route, a finding of abandonment is amply supported. Koenig v. Gaines, 165 Colo. 371, 440 P.2d 155.
It is the contention of respondents that this case is controlled by the result in Koenig on the basis of their theory that Road 13 was an alternate route, since it was confined to the eastern half of the old right-of-way. They argue that the establishment and use of Road 13 combined with nonuse of the west half of the old right-of-way amounts to abandonment of the right-of-way west of the section line. This reliance on Koenig is, however, misplaced. The road which was found to have been abandoned in Koenig had been supplanted by another road which followed an entirely different route. In the case presently before us, Road 13 north of Station 11+99 lies for the most part within the dedicated right-of-way; it simply does not take up the full width of the right-of-way.
On these facts we conclude that use of Road 13 constituted use of the whole right-of-way and that the Koenig case is not applicable. Where a right-of-way of specified width has been dedicated to public use pursuant to legislative authority, it is not required that the entire width be at all times put to public use in order to preserve the unused portion from being lost from the dedication. So long as some portion of the dedicated right-of-way has been used and so long as there is no affirmative evidence that the county commissioners intended to abandon the unused portion, there cannot have been abandonment of a portion of the right-of-way simply because the public need has not yet required the use of the full sixty feet. The finding and conclusions of the trial court that there was no abandonment are supported by the evidence and the applicable law.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.