John **RAFTOPOULOS,**
Plaintiff-Appellee,

v.

Dusty C. **FARROW** and Gary N.
Farrow, **Defendants-Appellants.**

No. 83CA1261.

Colorado Court of Appeals,
Div. I.

Nov. 15, 1984.

VAN CISE, Judge.

In this declaratory judgment action, the trial court entered a judgment in favor of plaintiff, John Raftopoulos, determining that a right-of-way for road purposes known as the "Spur to Farnsworth Creek Road," which traverses the property of defendants, Dusty C. and Gary N. Farrow, is a public right-of-way established in 1911 pursuant to statutory dedication proceedings and has not been abandoned. Contending primarily (1) that there were jurisdictional defects in the dedication proceedings and (2) that the trial court erred in finding that the right-of-way had not been abandoned, defendants appeal. We affirm.

### I.

Contrary to the contention of the defendants, we agree with the trial court that the record of the 1911 proceedings shows on its face that the board of county commissioners (the board) substantially complied with the requirements of the applicable statutes (C.R.S.1908, ¶ 5834 et seq.), had jurisdiction, and acted properly. Furthermore, all of the documents comprising the record of proceedings were recorded and have been a matter of public record since 1912, and, thus, the regularity of the proceedings is not subject to collateral attack more than 70 years later. *See Trainor v. City of Wheatridge* (Colo.App. No. 83CA1273, October 25, 1984).

### II.

We disagree with defendants' second contention. Ordinarily, roads and rights-of-way for road purposes declared to be public highways pursuant to statutory dedication proceedings remain public unless and until vacated or abandoned by some appropriate action of the board. *See Crane v. Beck*, 133 Colo. 325, 295 P.2d 222 (1956); *Uhl v. McEndaffer*, 123 Colo. 69, 225 P.2d 839 (1950). There have been no vacation proceedings, and there was no showing that the board has ever been asked to take any action since the original proceedings establishing the right-of-way.

Holloran, Burris & Stickler, Robert H. Stickler, Steamboat Springs, for plaintiff-appellee.

Robinson & Scheurer, P.C., Michael D. Boster, Lakewood, for defendants-appellants.

Defendants do not claim the board has taken any official action in declaring the right-of-way abandoned. Instead, they argue that abandonment can be implied because part of this right-of-way has never been used or improved as a road, the right-of-way is not included on the official county highway users map, and a commissioner once told one of the defendants that the county had no interest in the unused portion.

 Even if we assume that there can be abandonment of statutorily dedicated public rights-of-way, other than by official board action, the above facts asserted by defendants do not establish abandonment. Abandonment will not be implied from non-use or nondevelopment of the right-of-way as a road when, as here, the public need has not required such a use. *Uhl v. McEndaffer, supra.* The evidence established that not all public rights of way for road purposes are included on the official county highway users map; normally, the county includes on its map only existing roads for which it can obtain contribution from the state's highway users fund. One commissioner's observation of lack of interest is not evidence of the board's intent to abandon, absent official board action, especially when, as here, the commissioner was unaware of the existence of the dedicated right-of-way at the time he made the statement. The court correctly held that defendants failed to meet their burden of proving abandonment. *See Korf v. Itten,* 64 Colo. 3, 169 P. 148 (1920).

### III.

The other contentions of defendants are without merit.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.