**CITY OF LAKEWOOD, a municipal corporation of the State of Colorado, Petitioner–Appellant,**

v.

**William MAVROMATIS, sometimes known as Billy Wilson; and United Bank of Denver, as Trustee for the Estate of Joel Barron, Respondents–Appellees.**

No. 88CA1139.

Colorado Court of Appeals, Div. IV.

Dec. 7, 1989.

Rehearing Denied January 11, 1990.
Certiorari Granted May 29, 1990.

Gorsuch, Kirgis, Campbell, Walker & Grover, Malcolm M. Murray and Vicki J. Fowler, Denver, for petitioner-appellant.

Larry E. Lawler, Lakewood, for respondent-appellee William Mavromatis.

Notarianni & Notarianni, Aldo G. Notarianni, Denver, for respondent-appellee United Bank of Denver.

Veto & Scott, Diane S. Freed, Lakewood, for respondent-appellee United Bank of Denver as Trustee for the Estate of Joel Barron.

Opinion by Judge REED.

Petitioner, City of Lakewood, appeals the summary judgment entered in favor of respondents, William Mavromatis, s/k/a Billy Wilson and United Bank of Denver, as trustee for the estate of Joel Barron. The city contends that the trial court erred in concluding that it did not own a right-of-way across the respondents' land. We affirm.

The city claimed ownership of the disputed property as a public right-of-way by virtue of a "Road Petition" signed by the then adjoining land owners and approved by the Jefferson County Board of County Commissioners in 1888. In 1972, respondents purchased land underlying a portion of the undeveloped right-of-way without actual notice of its existence.

The Road Petition, incorporating the road plat, was not entered in the reception book nor in the grantor-grantee index by the clerk and recorder of Jefferson County. However, after approval, the Petition was placed, along with other Road Petitions, within a "Road Book" kept and maintained in the office of the Jefferson County Clerk and Recorder. The Road Book contained no index.

The trial court determined that the Road Petition, its approval, and plat were never recorded because the appropriate blanks for recording information on the Road Petition were not executed, no reception number was assigned to the Road Petition by the clerk and recorder, and because the document did not appear in the grantor-grantee index. The court concluded, therefore, that there was no notice to respondents who were subsequent purchasers, and that, accordingly, the right-of-way was invalid as to them.

The parties agree that the Road Petition was submitted and accepted by the county

commissioners in compliance with the Dedication Statute, Gen. Stat. 1883 § 2972 at 872. This statute further requires that, after such approval, the plat, which accompanies the petition, "shall be filed and recorded." Whether it was so "filed" and "recorded" form the issues in dispute.

No serious dispute exists that the plat was, in fact, filed by being placed within the Road Book, *see Yates v. Tatum,* 60 Colo. 484, 155 P. 328 (1916), and the city contends that the entry of the petition in the Road Book is sufficient recordation. It argues that the Dedication Statute does not specify where the plat and petition shall be recorded and that Gen. Stat. 1883 § 2966 at 371, part of the same statutory chapter as contains the Dedication Statute, provides that a surveyor's plat and report, and other items, shall "be recorded in the office of the clerk and recorder in a book kept for that purpose."

To support its position, the city urges that *Crane v. Beck,* 133 Colo. 325, 295 P.2d 222 (1956), *Korf v. Itten,* 64 Colo. 3, 169 P. 148 (1917), and *Raftopoulos v. Farrow,* 691 P.2d 1160 (Colo.App.1984) require only that the petition be recorded in the Road Book as was done here. We do not find these decisions controlling since the notice issue was not raised in them.

We agree with the trial court that, although filed, the plat accompanying the approved Road Petition was never recorded. By the use of the terms "filed and "recorded" the General Assembly intended that in addition to filing, the document undergo the recording process.

In 1888, the recording statute in effect provided:

"All deeds, conveyances, agreements in writing of, or affecting title to real estate or any interest therein, and powers of attorney for the conveyance of any real estate or any interest therein, may be recorded in the office of the recorder of the county wherein such real estate is situate, and from and after the filing thereof for record in such office and not before, such deeds, bonds and agreements in writing shall take effect as to subsequent bona fide purchasers and encumbrancers by mortgage, judgment or otherwise not having notice thereof." Gen. Stat. 1883 § 215 at 175.

The purpose of this statute was to provide an effectual remedy against the loss accruing to subsequent purchasers of real estate arising from the existence of secret or concealed conveyances thereof unknown to the subsequent purchaser. *Hallett v. Alexander,* 50 Colo. 37, 114 P. 490 (1911).

As an integral part of the recording procedure, it was required that the recorder keep a reception book, plus a general and alphabetized grantor-grantee index. *See* Gen. Stat. 1883 §§ 579 and 580 at 267, and § 582 at 268. The index is necessary as a means of reference to the matters contained in the books of record. *See People ex rel. Federal Land Bank v. Ginn,* 106 Colo. 417, 106 P.2d 479 (1940). Compliance with the Dedication Statute, *supra,* does not substitute for the requisite compliance with the recording provisions of Gen. Stat. 1883 § 215 at 175.

We conclude that, because the plat was not recorded in the reception book or indexed, an invalid attempted recording occurred. The recording was not completed in the place where it would take effect as to these subsequent purchasers. In this regard, we note further that the Road Petition itself leaves blank the portions thereof where the recording data was to be stated.

Accordingly, we conclude that there was no recording as required by the applicable recording statute, and thus, the trial court properly ruled that the city could not assert a right-of-way across the land in question as against a good faith purchaser without actual notice.

Judgment affirmed.

PLANK and NEY, JJ., concur.