GOLDEN LODGE NO. 13, INDEPEN-
DENT ORDER OF ODD FELLOWS, an
unincorporated nonprofit association,
Plaintiff–Appellant,

v.

GRAND LODGE of the INDEPENDENT
ORDER OF ODD FELLOWS OF COL-
ORADO, a Colorado nonprofit corpora-
tion, Defendant–Appellee.

No. 02CA0128.

Colorado Court of Appeals,
Div. I.

March 13, 2003.

Rehearing Denied April 24, 2003.

Certiorari Denied Dec. 15, 2003.*

---

* Chief Justice MULLARKEY and Justice HOBBS would grant as to the following issues:

Whether Golden Lodge No. 13 was deprived of its property in violation of the rules and regulations (the "Codes") of the Sovereign Grand Lodge and of the Grand Lodge of Colorado when Grand Lodge of Colorado suspended and revoked Golden Lodge's Charter and seized its assets without notice and a hearing.

Whether Grand Lodge's revocation of Golden Lodge's Charter, without notice and a hearing, in retaliation for Golden Lodge filing a civil suit or in response to a failure to turn over its books and records on demand of the Grand Lodge, violated the terms of the 1987 Stipulation, an Order of the Jefferson County District Court.

Robinson & Robinson, P.C., William F. Robinson, III, Denver, Colorado, for Plaintiff–Appellant.

Montgomery, Little & McGrew, P.C., John R. Riley, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge GRAHAM.

In this action concerning the Odd Fellows Hall in Golden, Colorado, plaintiff, Golden Lodge No. 13, Independent Order of Odd Fellows (I.O.O.F.), appeals from the trial court's judgment quieting title in defendant, Grand Lodge of the I.O.O.F. of Colorado. We affirm.

The I.O.O.F. is an international philanthropic fraternal organization. The I.O.O.F. consists of the Sovereign Grand Lodge, the supreme governing body of the Order; grand lodges, like defendant Grand Lodge of Colorado, which are chartered by the Sovereign Grand Lodge and which preside over and govern local lodges in a particular geographic area; and local lodges, like plaintiff Golden Lodge, which are chartered by their respective grand lodges. A grand lodge ensures that its subordinate local lodges comply with all grand lodge and sovereign lodge laws.

Grand Lodge of Colorado is the supreme governing body of the organization within Colorado. The Grand Master of Grand Lodge is the highest ranking I.O.O.F. official in the state.

Golden Lodge purchased the Odd Fellows Hall in 1920 and subsequently acquired additional real property.

Grand Lodge and Golden Lodge were parties to prior litigation arising from the suspension of Golden Lodge's charter for noncompliance with I.O.O.F. rules and regulations. Under the parties' 1987 stipulation, Golden Lodge kept its charter. Golden Lodge also was required to make its financial books and records available to the supervision of Grand Lodge, which it already was obligated to do under the various rules of governance. The stipulation became a trial court order.

Again, in 1992, the Grand Master received notice that Golden Lodge and its members had violated various I.O.O.F. rules and regulations. In January 1993, the Grand Master suspended Golden Lodge's charter and took over its assets, including Odd Fellows Hall, pending an investigation of the alleged improprieties.

The Grand Master provided Golden Lodge with a list of the charges against it and met with its officers to discuss the charges. At that meeting, Golden Lodge refused to produce its financial records or charter to Grand Lodge. Around this time, Grand Lodge appointed an executive committee to investigate the charges against Golden Lodge.

Golden Lodge then commenced a forcible entry and detainer action against the Grand Master and Grand Lodge, seeking a judgment for possession of Odd Fellows Hall. On Grand Lodge's motion, the trial court dismissed the case without prejudice. A division of this court dismissed Golden Lodge's appeal for lack of a final order. *Golden Lodge No. 13, I.O.O.F. v. Easley,* 916 P.2d 666 (Colo.App.1996).

Meanwhile, Grand Lodge, through its executive committee, revoked Golden Lodge's charter in March 1993. The Grand Master notified the members of Golden Lodge that its charter had been revoked and that its property reverted to Grand Lodge under the I.O.O.F. rules and regulations.

At Grand Lodge's annual meeting in October 1993, the members unanimously approved the executive committee's revocation of Golden Lodge's charter.

In 1996, a hearing was scheduled to address Golden Lodge's concerns about the

suspension and revocation of its charter. However, when Golden Lodge's representative was late for the hearing, a default was entered, and Grand Lodge denied Golden Lodge's request for another hearing.

The Sovereign Grand Lodge subsequently upheld Grand Lodge's decision to suspend and revoke Golden Lodge's charter.

Golden Lodge filed another forcible entry and detainer action against Grand Lodge. This time Grand Lodge filed a counterclaim seeking to quiet title to the Odd Fellows Hall under its I.O.O.F. reversionary rights. After a trial on the quiet title action, the trial court found that Grand Lodge had followed proper procedures when suspending and revoking Golden Lodge's charter, and therefore, title to Odd Fellows Hall reverted to and vested in Grand Lodge. This appeal followed.

■ Findings of fact are reviewed for clear error or abuse of discretion, whereas conclusions of law generally are reviewed de novo. *E–470 Pub. Highway Auth. v. 455 Co.,* 3 P.3d 18 (Colo.2000). We must accept the trial court's findings on review unless they are so clearly erroneous as not to find support in the record. *Bainbridge, Inc. v. Bd. of County Comm'rs,* 53 P.3d 646 (Colo.App. 2001).

Here, the trial court's findings of fact have ample support in the record and are otherwise not in dispute. Therefore, the legal effect of those facts is a question of law. We are not bound by the trial court's conclusions of law, and our review is de novo. *Ocmulgee Props. Inc. v. Jeffery,* 53 P.3d 665 (Colo.App. 2001).

## I. Lodge Governance

Golden Lodge contends that the trial court erred in finding that its refusal to turn over its financial records to Grand Lodge violated the laws of the I.O.O.F. We disagree.

■ Fraternal organizations make their own laws and regulations, and courts ordinarily enforce them. *Grand Lodge A.O.U.W. v. Taylor,* 24 Colo.App. 106, 131 P. 783 (1913). Although courts generally refrain from interfering with the internal affairs of voluntary organizations, such organizations may seek enforcement of their rules in the civil courts if a dispute involves property rights or is otherwise judicially cognizable. *Anderson v. Enter. Lodge No. 2,* 80 Wash. App. 41, 906 P.2d 962 (1995).

■ Pursuant to the Sovereign Grand Lodge's Constitution and Code of General Laws (Sovereign Code), each grand lodge has sole, unimpeded jurisdiction over its local lodges. The Sovereign Code also requires a grand lodge to supervise its local lodges and to enforce strict adherence to the work of the I.O.O.F. These provisions implicitly authorize a grand lodge to inspect the financial records of its subordinate lodges to ensure adherence to the I.O.O.F. laws.

The 1987 stipulation required Golden Lodge to "open its lodge records, including, but not limited to, its minutes, checkbook and cancelled checks and correspondence to the Grand Lodge." The trial court correctly determined that Golden Lodge's failure to cooperate violated both the court order and the rules of the I.O.O.F.

## II. Right of Reversion

■ Golden Lodge next contends that the trial court erred in ruling that Grand Lodge followed the proper procedures for suspending and revoking its charter, and therefore, the trial court erred in quieting title in Grand Lodge to the Odd Fellows Hall. We disagree.

The rules and regulations for suspending and revoking a local lodge's charter are promulgated under the Sovereign Code and the Colorado Grand Lodge's Constitution and Code of Laws (Colorado Code). These codes expressly provide a grand lodge with a right of reversion.

■ In the absence of some constitutional infirmity, courts ordinarily should not interfere with the interpretation placed upon the Sovereign and Colorado Codes by its officers and agents unless such interpretation is arbitrary and unreasonable. *See Anderson v. Enter. Lodge No. 2, supra.*

Here, it is undisputed that when a grand lodge arrests, suspends, or revokes a charter, the assets and records of the local lodge shall be taken by it, and if a local lodge becomes defunct, all real and personal property owned

by it shall pass to and vest in the grand lodge.

The controversy here stems from language in the Sovereign and Colorado Codes regarding the procedure for suspending and revoking a local lodge's charter, which Golden Lodge contends are conflicting. We disagree.

The Sovereign Code states that the charter of a local lodge may be arrested, suspended, or revoked by a grand lodge after notice and a hearing.

However, § 89 of the Colorado Code authorizes the Grand Master to suspend a local lodge that willfully disobeys the laws, regulations, and practices of the I.O.O.F., or whose officers and members willfully act to cause disorder and dissociation between the local lodge and other branches of the I.O.O.F. Contrary to Golden Lodge's contention, the rules do not require that the Grand Master provide notice and a hearing before suspending a charter. *See also Anderson v. Enter. Lodge No. 2, supra* (the I.O.O.F. rules do not require notice or a hearing when a grand master revokes a charter).

Here, Golden Lodge was required to "open its lodge records" to the Grand Lodge pursuant to the 1987 order of stipulation and the Sovereign and Colorado Codes. Thus, when Golden Lodge continually refused to allow Grand Lodge to inspect its financial records, the Grand Master had the authority to suspend Golden Lodge and take into custody the charter, property, and accounts of the lodge, without notice or a hearing.

Section 89 of the Colorado Code further provides that the suspension of a lodge shall continue until the next regular meeting of the Grand Lodge, at which time the suspension shall be reviewed by the members of the Committee on Judiciary with recommendations for action by the membership of the Grand Lodge.

Golden Lodge argues that, because the Committee on Judiciary did not review its suspension, the executive committee's revocation of its charter was improper. We are not persuaded.

Section 81.3 of the Colorado Code provides that, if problems arise between sessions of the Grand Lodge, "the executive committee shall have all power necessary to investigate" them. The Sovereign Code authorizes a grand lodge to create such an executive committee and determine its composition, powers, and authorities. The Sovereign Code directs that grand lodges have sole jurisdiction over local lodges and grants to grand lodges the right to formulate and amend their basic laws.

Here, it was not unreasonable or arbitrary for Grand Lodge to interpret § 81.3 as applicable. Because Golden Lodge's problems arose before the annual meeting of Grand Lodge, the executive committee had authority under § 81.3 to revoke Golden Lodge's charter.

Furthermore, under § 89, a grand lodge may expel a local lodge from the I.O.O.F. and take possession of the local lodge's property on approval of two-thirds of the grand lodge's voting membership.

At the annual meeting in 1993, Grand Lodge members unanimously voted to uphold the executive committee's revocation of Golden Lodge's membership, which is consistent with the § 89 requirement of a two-thirds approval to expel a local lodge from the I.O.O.F.

In light of the sometimes conflicting rules regarding suspending and revoking a local lodge's charter, Grand Lodge's interpretation of that procedure was neither arbitrary nor unreasonable. *See Anderson v. Enter. Lodge No. 2, supra.* Furthermore, the Sovereign Grand Lodge upheld Grand Lodge's decision to revoke Golden Lodge's charter, and we defer to the Sovereign Grand Lodge's construction and interpretation of its own rules and regulations. *See Anderson v. Enter. Lodge No. 2, supra.*

We therefore agree with the trial court that Grand Lodge followed the proper procedures for suspending and revoking Golden Lodge's charter and that title to the Odd Fellows Hall vests in Grand Lodge.

### III. Due Process

Golden Lodge also argues, without factual basis, that § 89 of the Colorado Code violates

due process protections. To the extent a cognizable due process claim could be presented here, we do not reach it.

■ "It is axiomatic that this court will not consider constitutional issues raised for the first time on appeal." *People v. Cagle,* 751 P.2d 614, 619 (Colo.1988); *see People v. Boyd,* 30 P.3d 819 (Colo.App.2001); *see also People v. Lesney,* 855 P.2d 1364 (Colo.1993)(rejecting due process and equal protection challenges because they were not presented to trial court).

The judgment is affirmed.

Judge JONES and Judge VOGT concur.