**John H. GOODWIN, Plaintiff–Appellant,**

v.

**Barry R. THIEMAN, Lurina L. Thieman, and Peoples National Bank, Defendants–Appellees.**

**No. 02CA1345.**

Colorado Court of Appeals, Div. I.

June 19, 2003.

Alan L. Sulzenfuss, P.C., Alan L. Sulzenfuss, Salida, Colorado, for Plaintiff–Appellant.

John W. Dalton, Buena Vista, Colorado, for Defendants–Appellees Barry R. Thieman and Lurina L. Thieman.

Timmins & Associates, LLC, Gary L. Swingle, Denver, Colorado, for Defendant–Appellee Peoples National Bank.

Opinion by Judge TAUBMAN.

In this adverse possession action, plaintiff, John H. Goodwin, appeals the summary judgment entered in favor of defendants, Peoples National Bank, Barry R. Thieman, and Lurina L. Thieman. We reverse and remand.

Goodwin sued Peoples National Bank and the Thiemans, claiming ownership by adverse possession of a strip of land in Chaffee County, Colorado. The Thiemans are the record owners of the disputed property.

Peoples National Bank filed a motion for summary judgment, alleging that: (1) during the required eighteen-year period the disputed property was owned by Ivy League Corporation; (2) Ivy League was a quasi-municipal corporation that performed various functions for the Ivy League subdivision; and (3) adverse possession does not apply against a quasi-municipal corporation. Ivy League owned the disputed property until November 21, 1983.

Goodwin argued that Ivy League was a private business corporation and not a quasi-municipal corporation. However, Goodwin conceded that if Ivy League were a quasi-municipal corporation, summary judgment would be proper.

The trial court found "that the material facts are not disputed and that it is established that … Ivy League … is a [q]uasi-[m]unicipal [c]orporation," because it performed functions for the Ivy League Subdivision such as road maintenance and repairs, water line maintenance and repairs, sanitation line maintenance and repairs, and collection of monthly water and sanitation fees. The trial court ruled, therefore, that the period of adverse possession could not include the time Ivy League owned the disputed strip of land. Accordingly, it held that Goodwin had not adversely possessed the land long enough to acquire title by adverse pos-

session. The trial court granted Peoples National Bank's motion for summary judgment and also granted summary judgment quieting title in the Thiemans.

Goodwin's sole contention on appeal is that a quasi-municipal corporation must be a public entity and thus, cannot be a private business corporation. We agree.

We review a summary judgment de novo, applying the same standards that govern the trial court's determination. Summary judgment is warranted only when there is a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Waskel v. Guar. Nat'l Corp.*, 23 P.3d 1214 (Colo.App.2000). Appellate courts review a trial court's legal conclusions de novo. *Golden Lodge No. 13 v. Grand Lodge*, —— P.3d ——, ——, 2003 WL 1089639 (Colo.App. No. 02CA0128, Mar. 13, 2003).

To prevail on a claim of adverse possession, the claimant must show its possession of the disputed property was actual, adverse, hostile, under a claim of right, exclusive, and uninterrupted for eighteen years. Section 38–41–101(1), C.R.S.2002; *Martini v. Smith*, 18 P.3d 776, 781 (Colo.App.2000), *aff'd*, 42 P.3d 629 (Colo.2002).

However, the adverse possession statute also provides that:

[Adverse possession] shall not apply against the state, county, city and county, city, irrigation district, public, municipal, or *quasi-municipal corporation*, or any department or agency thereof. No possession by any person, firm, or corporation, no matter how long continued, of any land, water, water right, easement, or other property whatsoever dedicated to or owned by the state of Colorado, or any county, city and county, city, irrigation district, public, municipal, or *quasi-municipal corporation*, or any department or agency thereof shall ever ripen into any title, interest, or right against the state of Colorado, or such county, city and county, city, public, municipal, or *quasi-municipal corporation*, irrigation district, or any department or agency thereof.

Section 38–41–101(2), C.R.S.2002 (emphasis added).

When construing statutes, a court's primary purpose is to effectuate the intent of the General Assembly. To determine that intent, courts first look to the statutory language, giving words and phrases their commonly accepted meaning. *Archibold v. Pub. Utils. Comm'n*, 58 P.3d 1031, 1038 (Colo. 2002).

In *City of Aurora v. Aurora Sanitation District*, 112 Colo. 406, 411, 149 P.2d 662, 664 (1944), the supreme court stated, "a quasi-municipal corporation is not a true municipal corporation having powers of local government, but is merely a *public agency endowed with such of the attributes of a municipality as may be necessary in the performance of its limited objective*" (emphasis added). *See also* 1 Eugene McQuillin, *Municipal Corporations* § 2.13 (3d ed.1977 rev. vol.)("a quasi-municipal corporation is a public agency created or authorized by the legislature to aid the state in, or to take charge of, some public or state work, for the general welfare"); John C. Banks, *Colorado Law of Cities and Counties* § 2.11 (3d ed.1979).

Here, we apply the supreme court's interpretation of the phrase "quasi-municipal corporation." *See City of Aurora v. Aurora Sanitation Dist., supra; Archibold v. Pub. Utils. Comm'n, supra*. We conclude that this definition applies to the term "quasi-municipal corporation" as used in the adverse possession statute.

The record reflects that Ivy League was incorporated by filing its articles of incorporation with the Secretary of the State of Colorado in 1971. The trial court did not find, and the record does not reflect, that Ivy League was a public entity or governmental agency.

Therefore, because Ivy League was not a public agency, it could not qualify as a quasi-municipal corporation under the adverse possession statute.

Nevertheless, Peoples National Bank argues that the definition of quasi-municipal corporation under the Municipal Annexation

Act should apply. There, quasi-municipal corporation is defined as "a corporation vested with the municipal powers for the accomplishment of a limited municipal purpose, including but not limited to domestic water districts, metropolitan districts, sanitation districts, water and sanitation districts, fire protection districts, recreation districts, and disposal districts." Section 31–12–103(10), C.R.S.2002.

██ Although this definition is arguably broader than the one discussed above, we conclude that it is inapplicable to the adverse possession statute because "the interpretation of one statute by reference to an unrelated statute is an unreliable means of ascertaining legislative intent." *See Bertrand v. Bd. of County Comm'rs*, 872 P.2d 223, 228 (Colo.1994); *Bob Blake Builders, Inc. v. Gramling*, 18 P.3d 859, 863 (Colo.App.2001).

Accordingly, the judgment is reversed, and the case is remanded for further proceedings.

KAPELKE and PIERCE *, JJ., concur.